## DOUGLASS *vs.* SHERMAN.

If it appears that the complainant had no right to revive the suit, the defend-
ant may avail himself of the objection at the hearing.

The provisions of the revised statutes, authorising the revival of the suit on
motion or petition, extend only to those cases, where, by the former prac-
tice of the court, the proceedings could be revived and continued by a sim-
ple bill of revivor.

Where, by the death of a party, his interest or title to the property in contro-
versy is transmitted to the representative which the law gives, or ascer-
tains, a simple bill of revivor, or a petition under the statute, is sufficient
to continue the proceedings in favor of, or against such representative.

Where, by the event which abates the suit, the interest of a party is tran-
mitted by devise or otherwise, so that the title to the property as well as the
person entitled thereto, may be a subject of litigation in the suit, an origin-
al bill, in the nature of a bill of revivor and supplement, is necessary.

The provision of the revised statutes authorising the representatives of a de-
ceased complainant to amend, relates only to such amendments as the
deceased party might have made, if living; and does not authorise the in-
sertion of any matters by way of amendment which have arisen since the
filing of the original bill.

Where the representative of a deceased complainant applies for an order to
revive, under the statute, he should give notice of the application to the
surviving parties who have appeared in the suit. And the order of revival
should state the particular character in which he is permitted to revive and
continue the suit; and the subsequent proceedings are to be entitled ac-
cordingly.

Where a person, claiming to be devisee of a deceased complainant who had
filed a bill to redeem, obtained on an ex parte motion an order to revive
the suit in her favor, *held*, that the defendant might, at the hearing, object
that the suit was not legally revived.

On a general devise of all the testator's estate, real property acquired after,
the making of the will, descends to the heir at law, and does not belong to
the devisee.

The executrix of the mortgagor or of his grantee, having no interest in the
premises, is not entitled to redeem; and cannot revive a suit for that pur-
pose commenced by the testator in his life time.

Where an executor applies to revive a suit, he must show that he has taken
probate of the will of the decedent.

March 15th.    SHERMAN, the defendant, is in possession of a lot of land,
claiming title to the same under a decree of foreclosure upon
a mortgage executed by W. Brady and wife, in 1813. At
the time the bill was filed to foreclose that mortgage, Ed-
ward Douglass was a judgment creditor of Brady, but

was not made a party to the suit. He shortly afterwards, and before the decree of foreclosure was obtained, became the purchaser of Brady's interest in the premises, under a sheriff's sale upon his judgment. In April, 1820, he filed his bill in this suit against Sherman to redeem. The cause was heard on pleadings and proofs; and in November, 1824, the chancellor made a decretal order, referring it to a master to ascertain the amount due on the mortgage, the costs of foreclosure, and the amount of the expenditures which the defendant had made on the premises since his purchase; the value of the premises, and of the rents and profits thereof, &c.; and that the complainant proceed upon the reference within three months, or that the bill be dismissed. On the 11th of February, 1825, the complainant died; and on the first of March thereafter, Hester Douglass, his widow, on filing an affidavit of that fact, and that he had made a will by which all his real and personal estate was devised to her, and that she was about to take upon her the execution of the will, obtained an order, ex parte, that her name should be inserted as complainant in the suit, and that the action proceed as in ordinary cases. A few days afterwards a copy of this order was served on the defendant, together with a summons to attend the master on the reference. The master having died, the order of reference was delivered to another master, who made his report in October, 1829. To this report exceptions were taken, and the cause now came on to be heard on those exceptions and upon the equity reserved.

*J. Radcliff*, for the defendant, raised a preliminary objection, that the suit had not been properly revived. He contended that the present complainant was not the proper party to be substituted in the place of the deceased complainant; and that the provisions of the revised statutes in relation to rivivals, had not been complied with. Sufficient did not appear to show that the present complainant had the right to redeem. The intestate may have been an alien. The heir at law might hereafter come in and claim the right to redeem; and we have had no opportunity to make this objection before. The order for revival was obtained upon an ex parte application. And he also insisted that if the com-

1831.

Douglass
v.
Sherman.

plainant was allowed to file a bill in the nature of a bill of revivor and supplement, it could only be done upon payment of costs. (*Shephard* v. *Merrill,* 3 John. Ch. R. 423.)

The counsel also read an affidavit of the defendant stating that he had, within a very few days, discovered for the first time that the will under which Hester Douglass claimed the premises as devisee, was executed nearly six years before the testator had any interest in the premises. He therefore insisted that she had no interest in the controversy, and was not entitled to revive or prosecute the suit.

*J. Smith,* for the complainant, insisted upon her right to revive the suit both as executrix and as devisee; and that the defendant was precluded from raising the objection that the suit had not been properly revived after having so long submitted to the order substituting her as the complainant in the suit.

THE CHANCELLOR. It appears to be well settled that the defendant may raise the objection at the hearing that the suit has abated as to some of the parties, whose rights should be before the court to enable it to make a proper decree. And if it appears that the suit is not properly revived, or that the complainant had no right to revive, he cannot have a decree. (*Russell's heirs* v. *Craig's devisee,* 3 Bibb, 377. *Harris* v. *Pollard,* 3 P. Wms. 348. *Lasco and others* v. *Moyers,* Bumb. 144.) The 107th section of the title of the revised statutes relative to this court, (2 R. S. 184,) and the subsequent sections of the same article, apply only to those cases where, by the former practice of the court, the proceedings could be continued by a simple bill of revivor. The representatives alluded to in those provisions are such as become so by operation of law on the death of a party; and not those who become so by devise, grant, or other title which may be contested in the suit. In the language of Lord Redesdale; "Wherever a suit abates by the death, and the interest of the person whose death has caused the abatement is transmitted to that representative which the law gives or ascertains, as an heir at law, executor or administrator, so that the title cannot be disputed, at least in the court of chancery, but the

person in whom the title is vested is alone to be ascertained, the suit may be continued by a bill of revivor merely." (Mitf. Pl. 4 Lond. ed. 69.) So also in the case of the marriage of a female plaintiff; as the sole fact to be ascertained is the person of the husband, a simple bill of revivor is all that is necessary to continue the suit. But where, by the marriage settlement, the interest of the property in controversy is vested in trustees, for the separate use of the wife and her issue, a bill of revivor alone is not sufficient; but a supplemental bill is also necessary to bring the interest of the trustees, &c. before the court. (*Merriwether* v. *Mellish,* 13 Ves. Rep. 161.) And in all cases where, by the death of a party, the suit is abated, and his interest or title to the property in controversy is transmitted by a devise, or in any other manner, so that the title as well as the person entitled may be a subject of litigation in this court, the suit cannot be continued by a bill of revivor. In such cases an original bill, in the nature of a bill of revivor and supplement, must be filed, on which the question of title may be put in issue and litigated. (*Huet* v. *Lord Say & seal,* Sel. Cas. in Ch. 53. *Ryland* v. *Green,* 4 Bro. P. C. 348. *Backhouse* v. *Middleton,* 1 Cas. in Ch. 174. *Russell's heirs* v. *Craig's devisee,* 3 Bibb's 377. *Harrison* v. *Ridley,* Comyn's Rep. 589.) But in such cases, the purchaser or devisee will be bound by the former proceedings in the original cause, to the same extent that the heir would have been upon a bill of revivor, (2 Vernon's Rep. 672,) and the adverse party will be bound to the like extent. (id. 548.) It sometimes becomes necessary, on a simple bill of revivor, to call for an answer; as in the case of an executor or administrator of a deceased defendant, to ascertain whether he has assets to pay the complainant's demand. (Mitford's Plead. 4 London ed. 76. *Brownlow* v. *Duke of Chandos,* Vern. & Scriv. Rep. 109.) That case, as well as that of a necessary discovery from the person who has become the personal representative of a deceased defendant, was probably intended to be provided for by some of the new provisions incorporated into the revised statutes. (2 R. S. 184, § 113, 114.) The provision in the 115th section of the statute, authorizing the representatives of a deceased com-

1831.

Douglass
v.
Sherman.

plainant to amend the bill, could not have been intended to authorize an assignee or devisee to amend the bill by stating the nature of their title ; for it is well settled that nothing can be inserted in the original bill, by way of amendment, which has arisen subsequent to the commencement of the suit. (*Usborne* v. *Baker*, 2 Mad. Rep. 389.) The object of that provision undoubtedly was to put the executors, administrators, or heirs of the deceased complainant, on the same footing as to amendments, as the decedent was at the time of his death ; and not to compel them to file a supplemental bill to obtain such alterations in the original bill, as could be properly introduced in the form of amendments.

The conclusion at which I have arrived, upon a full examination of all the authorities on the subject, is, that this was not a case in which the suit could be revived by making Hester Douglass complainant, as the devisee of her deceased husband, under the provisions of the statute then in force ; which, in this respect, were the same as the present law. As executrix, she had no right to revive the suit, or to redeem the land which belonged to the heir or devisee. (*Smith* v. *Manning*, 9 Mass. Rep. 422. *Lomax* v. *Bird*, 1 Vernon, 182. *Grant* v. *Duane*, 9 John. Rep. 612.) And if the usual decree should be made in such a case, a neglect to redeem within the time limited would be no bar to the devisee or heir at law. Neither was this suit revived in her name as executrix ; for it appears on the face of the order that she had not yet proved the will, although she intended to do so thereafter.

The whole difficulty has arisen from the loose and irregular practice, which has in some cases been adopted, of permitting a person claiming a right to revive to be substituted in the place of the deceased complainant, under the statute, without any notice to the other parties who have appeared in the suit. The proper course to be adopted by the heirs or personal representatives of a deceased complainant to revive the suit, under the 115th section of the revised statutes before referred to, is for them to apply to the court upon a petition or affidavit, stating the death of the complainant, and showing that they in fact sustain the character in which they claim the right to revive. And if they claim the right to re-

vive as executors, it should appear that they have taken probate of the will. ( 1 P. Wms. 753. ) Due notice of the application should also be given to the solicitors of the other parties who have appeared in the cause, and who do not join in the application, so as to give them an opportunity to be heard as to the right of the applicants to revive. The order of revival should also state the particular character in which they are permitted to revive and continue the suit; and the cause is to be entitled accordingly, in all subsequent orders and proceedings therein. The original pleadings and proceedings are not however to be altered or amended by inserting the names of the new complainants. Such is not the meaning of that clause of the statute which authorizes the new complainants to amend the bill.

The order to revive in this case was not authorized by the statute, and was therefore irregular in form; and no decree can be made in favor of the present complainant, in any character, until that irregularity is corrected. If the defendant is correct in supposing that the will, by which all the real estate of Edward Douglass was devised to his wife, was made long before he acquired any interest in this property under the sheriff's sale, she has no right to redeem in the character in which she has attempted to revive the suit, as nothing passed to her under the will as devisee. (*Thompson* v. *Scott* 1 M'Cord's Ch. Rep. 32.) In that case the right to continue the suit belongs to the heir if there is one capable of taking by descent; and if there is none, it either belongs to the people of the state, by escheat, or it is extinguished.

It was suggested on the argument, that no injury could arise to the defendant by a decree in favor of the present complainant, as she had obtained a conveyance from the heir at law of the decedent since his death. Whether such a conveyance would be valid pending this litigation, and while the defendant was holding the premises adversely to such claim; and whether the person making the conveyance is capable of taking by descent, and many other questions of a like character, cannot be passed upon properly under this form of proceeding. The correct mode of litigating such questions is upon a bill, where the defendant may put the questions of.

1831.

Douglass
v.
Sherman.

fact in issue and examine witnesses thereto in the usual manner. Even on a proper application by an heir at law, to revive under the statute, if either his legitimacy or his alienage was really a disputed question, the court, in its discretion might deny the application, and direct a formal bill of revivor to be filed ; so as to enable the defendant, either by plea or answer, to contest his right to revive.

The order of the first of March, 1825, and all subsequent proceedings, must be set aside as irregular and erroneous ; but without costs to either party, as the defendant was equally in fault with the present complainant, in proceeding under that order instead of moving to set it aside. Mrs. Douglass must be permitted to file a bill in the nature of a bill of revivor and supplement, if she shall be advised so to do, for the purpose of setting up her claim to continue the suit and to redeem, either as devisee under the will, or as the assignee or grantee of the heir at law of her late husband ; and if she does not file such bill within three months, she is to be thereafter precluded from any further proceedings against the defendant, founded on the decretal order made in this cause during the life of her husband.

If any other persons, not now before the court, have the right to revive, I cannot at this time make any order affecting them. The defendant, if he wishes to terminate the suit as to them, must either proceed to revive, or take some other step on his part to preclude their right, or wait until it is terminated by the lapse of time. Probably he may, on a proper application, be entitled to such an order as was granted in *Pells* v. *Coon*, ( 1 Hopk. 450 ;) requiring the alleged heir at law, or the attorney general, to proceed within a limited time, if they shall be advised so to do, or that they be precluded.