## Boynton *v.* Boynton.

Where a female plaintiff in equity marries pending the suit, the cause cannot. proceed on the mere application of counsel.

A bill in equity abates by the marriage of a female plaintiff, and cannot proceed without a bill of revivor.

The Rev. Stat., ch. 186, § 77, provide, that no action shall be abated by the · marriage of a female plaintiff, if the husband, after due notice to be directed by the court, shall become a party to the suit. Perhaps the notice, if any, to the husband, should be that a bill of revivor may be filed : *sed quœre?*

In Equity. · The cause had been prosecuted by an administratrix *de bonis non*, who married pending the suit.

*Lyford,* for the plaintiff, moved, that the representative of the deceased be permitted to come in and prosecute the bill.

*Perley,* for the defendant. There is no bill before the Court. By the marriage of the administratrix the bill abated, and there must be a bill of revivor to enable the cause to proceed.

Gilchrist, C. J. This cause cannot proceed without a bill of revivor. Wherever a suit abates by the death of a party, and the interest of the person whose death has caused the abatement is transmitted to that representative which the law gives, or ascertains, (as an heir at law, executor, or administrator,) so that the title cannot be disputed at least in the Court of Chancery, but the person in whom the title is vested is alone to be ascertained, the suit may be continued by a bill of revivor, merely. Mitf. Pl. 69. ·So also in the case of the marriage of a female plaintiff, as the sole fact to be ascertained is the person of the husband, a simple bill of revivor is all that is necessary to continue the suit. *Douglas* v. *Sherman,* 2 Paige, 358. But the suit abates by the marriage of a female plaintiff. 1 Smith, Ch. Pr. 513. And a bill of revivor is in such cases necessary, whether she be a sole or joint plaintiff. *Durbaine* v. *Knight,* 1 Vernon, 318; 1 Ch. Ca. 77. The object of the bill of revivor is to bring the husband before the court. 1 Smith, Ch. Pr.

516 ; *Campbell* v. *Bowne*, 5 Paige, 34 ; Story's Eq. Pl. § 364 ; Daniell's Ch. Pr. 1697.

By the Rev. Stat., ch. 376, § 17, it is enacted that no action shall be abated by the marriage of any female plaintiff, if the husband, after due notice to be directed by the court, shall become a party to the suit. This provision does not interfere with the usual proceedings in chancery. The husband may institute a bill of revivor, and proceed with the cause : and if any notice to him be required for any reason, such notice will, upon application, be directed by the court. But the cause cannot proceed merely on the application of the counsel. If the husband decline to go on with the suit, the bill will be abated, and such course must then be taken with it, as the case may require. Perhaps the notice, if any to the husband, should be, that a bill of revivor may be filed ; but this point it is unnecessary now to determine.

*Motion denied.*