ROBERT HENRY THORBURN, Appellant, *v.* DELLORA R. GATES, as Executrix, etc., of JOHN W. GATES, Deceased, and as Executrix, etc., of CHARLES G. GATES, Deceased, and Others, Defendants.

FIRST NATIONAL BANK OF PORT ARTHUR, TEXAS, as Administrator, etc., with the Will Annexed of JOHN W. GATES, Deceased, and as Administrator, etc., with the Will Annexed of CHARLES G. GATES, Deceased, Appearing Specially to Contest the Jurisdiction of the Court and Not Otherwise, Respondent.

First Department, April 9, 1920.

**Executors and administrators — action against foreign executor to have property administered and applied to payment of debt — cause survives death of executor — parties — substitution of administrator with will annexed in action against foreign executor — necessity for issuance of supplemental summons — time to be given substituted party to answer.**

A cause of action by a resident creditor against a foreign executor to have administered the real and personal property of the testator's estate situated within this State and to have the same applied in satisfaction of his

debt, survives the death of the executor, though further proceedings in the action are stayed by reason of the inhibition in section 765 of the Code of Civil Procedure.

The court on motion of the plaintiff is authorized to substitute the administrator with the will annexed as the party defendant.

It is not necessary that a supplemental summons be issued, for the administrator with the will annexed comes into the action as it was when the foreign executor died.

Appropriate provision should be made in the order of substitution for sufficient time to enable the substituted defendant to answer where the foreign executor had not answered.

APPEAL by .the plaintiff, Robert Henry Thorburn, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of June, 1919, which in part and on certain terms and conditions granted plaintiff's motion for an order directing that the action be revived and continued against the First National Bank of Port Arthur, Tex., as administrator, etc., and that said bank be substituted as defendant in the place and stead of Dellora R. Gates, deceased, and that the title of the action be amended accordingly, without prejudice to any of the proceedings already had.

*Robert H. Thorburn*, for the appellant.

*Ben LeRoy Stowell* of counsel [*Taylor, Humes & Begg*], for the respondent.

PAGE, J.:

The action was by a resident creditor to have administered the real and personal property of the testator's estate situated within this State, and to have the same applied in satisfaction of his debt. The court had jurisdiction of the subject-matter of the action and of the person of the foreign executrix. (*Thorburn* v. *Gates*, 184 App. Div. 443. Cf. *Helme* v. *Buckelew*, 191 id. 59.) Upon the death of the foreign executrix, her interest in the estate passed to the administrator with the will annexed when appointed. The cause of action survived; therefore, the action did not abate. (Code Civ. Proc. § 755.) The further proceedings in the action are stayed, by reason of the inhibition in section 765 of the Code, " for if a judgment cannot be entered against a deceased party, so no

First Department, April, 1920. [Vol. 191.

step leading up to a judgment can be taken." (*Carolan* v. *O'Donnell*, 141 App. Div. 463, 465.) The court on motion of the plaintiff is authorized to substitute the administrator with the will annexed as the party defendant. (*Douglass* v. *Sherman*, 2 Paige, 358, 360.) Due notice of this application was given to all who by any chance could be interested. Attorneys appeared for the administrators with the will annexed of the estates of John W. and Charles G. Gates. They limited their appearance for the purpose of objecting to the jurisdiction of the court, which objection would be futile, as the jurisdiction of the court had been determined. No new facts were set forth that would justify a re-examination of the question of jurisdiction. It was, therefore, *res adjudicata*. The importance of their appearance is that it conclusively proves that their clients had actual notice of the motion. It is not necessary that a supplemental summons be issued. The substituted party comes into the action as it was when Mrs. Gates died. Inasmuch, however, as she had not answered, appropriate provision should be made in the order for sufficient time to enable the substituted defendants to answer. The order will be reversed and the motion granted to this extent, that the action be revived and the First National Bank of Port Arthur, Tex., as administrator with the will annexed of the estate of John W. Gates, deceased, and the First National Bank of Port Arthur, Tex., as administrator with the will annexed of the estate of Charles G. Gates, deceased, be substituted in place of Dellora R. Gates, executrix and trustee under the wills of John W. Gates and Charles G. Gates, and that the title to the action be amended accordingly, without prejudice to any of the proceedings heretofore had in this action.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concur.

Order reversed and motion granted to the extent indicated in opinion. Settle order on notice.