### THIRD DEPARTMENT, JULY, 1942.
#### (July 1, 1942.)

LILLIAN FAZIO, Respondent, *v.* STANLEY-MARK-STRAND CORPORATION, Appellant.
FRANK FAZIO, Respondent, *v.* STANLEY-MARK-STRAND CORPORATION, Appellant.

Plaintiff-respondent has a judgment for personal damage, her husband for loss of services, etc., on account of injuries received when she fell upon the floor in the ladies' room connected with defendant's theatre. The outer room contained a drinking fountain, the inner a lavatory and toilet. There was testimony that there was water upon the floor upon which plaintiff slipped. Plaintiff's granddaughter testified that another unnamed woman was in the room, and that her dress was wet. There is no proof of notice to any of defendant's agents or servants of the condition of the floor prior to plaintiff's fall. The judgments should be reversed and the complaints dismissed. (*Conroy* v. *Saratoga Springs Authority*, 259 App. Div. 365; affd., 284 N. Y. 723, and cases there cited; *Cohen* v. *Elmont Cemetery, Inc.*, 288 id. 558.) Judgments reversed on the law and complaints dismissed, with one bill of costs. Hill, P. J., Crapser and Heffernan, JJ., concur; Bliss, J., dissents, in an opinion in which Schenck, J., concurs.

BLISS, J. (dissenting). Plaintiff has had a verdict. It is now proposed that we reverse the judgment entered thereon and dismiss the complaint. The reason assigned is that the plaintiff failed to show notice to the defendant of the dangerous condition in the ladies' room of defendant's theatre which resulted in plaintiff's accident and injuries.

This question of notice was correctly submitted to the jury. We must assume that the jury found that the defendant knew or should have known of this dangerous condition. Now let us examine the evidence and see if the proof sustains this finding. The accident happened in the ladies' room of the Ritz Theatre which was open for use by the theatre patrons. The defendant recognized that it must be constantly watchful of conditions in this room because it had delegated one of its ushers to check both the men's and ladies' rooms every fifteen minutes at this particular time of the day and a bit later in the day a colored maid was in charge of the ladies' room. The plaintiff entered the theatre shortly after one o'clock and went to the ladies' room for a drink of water. There was a water fountain on one side of the room. As she entered the room there was water all over the marble floor. Apparently it came from the water fountain because it extended from the fountain to the center of the room. Where there was water the floor was slippery. As plaintiff entered the room she slipped and fell. Another lady patron came out of an adjoining room and assisted plaintiff to her feet. The dress of this other lady was wet and it then developed that this other patron had, some minutes before that, reported to the doorman that she too had sat in some water in the ladies' room and her dress was wet and she wanted to see the manager. The doorman had conveyed this message to the usher who, instead of immediately

going into the ladies' room or making any inspection of it, went out of the theatre somewhere across the street to find the manager. He came back some minutes later and found both the plaintiff and the other patron in the ladies' room, and in the meantime plaintiff had met with her accident. After all this, the usher mopped up the water from the floor in the ladies' room. It does not appear how much time elapsed between the first patron's complaint to the doorman and when plaintiff fell. It is fair to assume, however, that some few minutes had passed. During all of this time the ladies' room was allowed to remain open to patrons. Upon this proof the jury could very properly find that the defendant had ample notice of the dangerous condition and failed to remedy it. They might also have found that constant watchfulness was required of the defendant and that the defendant failed to perform this duty. Thus there was a clear question of fact in the case which the jury, after a proper charge, resolved in favor of the plaintiff.

The verdict and judgment should not be disturbed.

Schenck, J., concurs with Bliss, J.