CECELIA D. WANAMAKER, as Administratrix of the Estate of LEONARD WANAMAKER, Deceased, Respondent-Appellant, v. WEIANT SPRINGSTEAD, Appellant, and EDWARD CHRISTOPHER, Respondent.— In an action to recover damages by reason of the death of plaintiff's intestate, caused as a result of a collision between two automobiles, operated, respectively, by the two defendants, judg-

ment was had in favor of plaintiff against defendant Springstead, and in favor of defendant Christopher against plaintiff, upon a jury verdict. Defendant Christopher had died before the trial, which proceeded as though he were alive, without substitution of parties. Defendant Springstead has appealed from the judgment and the trial court's denial of his motion to set aside the verdict; plaintiff has appealed from so much of the judgment as dismisses the complaint against defendant Christopher; and defendant Springstead and plaintiff have appealed from an order permitting defendant Christopher to serve an amended answer. On the appeal by defendant Springstead from the judgment, judgment reversed on the law and the facts and new trial granted, with costs to abide the event. Participation in the trial by an attorney, purportedly on behalf of the deceased defendant, including examination of witnesses and presentation of other evidence, subjected this appellant's defense to the efforts of one who was not properly before the court. Furthermore, the trial court's instructions to the jury with respect to the plaintiff's right to recover against the defendant Christopher, in the event that the jury should find that plaintiff's intestate and Christopher were fellow employees, were contradictory and in part erroneous. A new trial is required in the interests of substantial justice. Plaintiff's appeal from the judgment is dismissed, without costs. Since there had been no appropriate substitution for the deceased defendant, the judgment, insofar as it affects that defendant is a nullity. (Civ. Prac. Act, § 478.) Prior to the new trial, the action should be severed as against the deceased defendant (Civ. Prac. Act, § 85), or an administrator substituted as a party defendant in his place. (Decedent Estate Law, § 118.) Defendant Springstead's appeal from the denial of his motion to set aside the verdict is dismissed, without costs. Apparently no order upon this motion was entered and no order to such effect is contained in the record. Appeals by defendant Springstead and plaintiff from the order permitting amendment of defendant Christopher's answer are dismissed, without costs. It was made after said defendant's death. Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur. [See *post*, p. 1066.]