George A. Arkwright, J.
In this action to foreclose 65 transfers of tax liens, plaintiff moves for leave to resell 11 of said parcels which were bid in at the auction sale by one Robert Siegel, and to hold said purchaser liable for any deficiency. The purchaser paid a 10% deposit on his bids and signed the usual memorandum of sale, but has refused to accept the Referee’s deeds.
The purchaser has moved by cross motion to direct the Referee to refund the deposits on the 11 parcels upon the ground that (1) all the parcels are incumbered by unpaid taxes and assessments; (2) an undivided one-half interest in parcel No. 14 (Block 8060, lot 1) is outstanding in one Louis L. Rosenberg; (3) the foreclosure sale, insofar as it applies to parcel No. 60 *553 (Block 8079, lot 30), is a nullity as it was entered after the death of one Lulu Fortmeyer, a record owner of an undivided two-thirds interest in this parcel; (4) the State or City of New York has an interest in parcels 13, 53 and 64 from the fact that these are underwater lands and the city has not released its interest therein, and (5) the City of New York has an interest in all of the parcels because they were at one time part of the meadow lands of the Town of New Utrecht, the predecessor in title of the City of New York.
These objections will be considered in order.
(1) Although the purchaser is correct in his contention that the terms of sale and not the judgment govern and control the measure and obligations of the parties, on this application, he is in error in his interpretation of paragraph 4th of the terms of sale. The paragraph states: “4th. All taxes, assessments, and water rates and other encumbrances which, at the time of sale, are liens or encumbrances upon said premises, will be paid by the Referee or will be allowed by the Referee out of the purchase money, provided the purchaser shall previous to the delivery of the deed, produce to the Referee proof of such liens, and duplicate receipts for the payment thereof ” (emphasis supplied). This language permits the Referee to make payment of the unpaid taxes and assessments or allow them at the time of closing as a credit to the purchaser.
The Referee was ready and willing to make proper allowance for the unpaid taxes.
(2) Plaintiff does not question the fact that Louis L. Rosenberg acquired a half interest in parcel No. 14 (Block 8060, lot 1) by deed recorded in liber 8250 of conveyances at page 36 and that said Louis L. Rosenberg was not a party to the foreclosure action. It is claimed by the plaintiff, however, that Rosenberg was a brother of the treasurer of the plaintiff corporation, that he was available to give a quitclaim deed, and that a quitclaim deed had been in plaintiff’s “ possession since the last time set for closing ”, apparently meaning February 4,1956, a unilateral date set by the plaintiff. This is insufficient to place the purchaser in default. The parties and the Referee, by written stipulation, had adjourned the closing under the memorandum of sale to January 12,1956, stating “ time being of the essence ”. Thereafter on January 12, 1956 the closing was adjourned to January 20, 1956 by a written stipulation stating “ It is agreed that there shall be no further adjournments, time being of the essence ”. Although the Referee did thereafter notify the purchaser that the deeds were ready for delivery, the defect in *554 (.1 Me to parcel No. 1.4 was not cured at the time last agreed upon for closing. The down payment on this parcel (No. 14, Block 8060, lot 1) should be returned to the purchaser by the Ncferec.
(3) The objection to the title to parcel No. 60 (Block 8079, lot 30) is sustained. Lulu Fortmeyer was the record owner of an undivided two-thirds interest in this parcel. She died on July 12, 1955 and letters of administration were issued to her brother, John H. F. Fortmeyer, by the King’s County Surrogate’s Court on October 18, 1955. Although decedent had been served with the summons in the foreclosure action, neither her legal representative nor anyone else was substituted as a party defendant in her place and the judgment of October 18, 1955 did not affect her interest. (Wanamaker v. Springstead, 274 App. Div. 1008, 1009; Civ. Prac. Act, § 478.)
Plaintiff’s answer to the purchaser’s objection to title is that there is no proof that the Lulu Fortmeyer who died in 1955 is the same person as the defendant in this action. There is no substance to this argument. As the record stands the title is not marketable. The burden is on plaintiff to establish that the Lulu Fortmeyer who died is not the defendant in this action. The down payment on this parcel should be returned to the purchaser.
(4) The purchaser’s objection that title to parcels 13, 53 and 64 is still in the City .of New York is not well taken. Purchaser states that the lots abut on creeks which were tributaries of Jamaica Bay, a navigable stream, and then proceeds to cite the statutes and law applicable to land under water. No part of the parcels involved are land under water. The court’s examination of the map indicates this quite clearly.
As a practical matter, but aside from any part of this determination, the purchaser of this parcel as an upland owner will receive a valuable right to purchase the land under water. Section 383-3.0 (subd. 4, par. c) of the New York City Administrative Code authorizes the city “ c. To release to adjoining upland owners, upon such terms and conditions and for such consideration as it may deem proper, such portions of the lands under water referred to in paragraph a of this subdivision, as are comprised in the beds of creeks, inlets and tributaries of Jamaica bay ”.
The purchaser is receiving exactly what he purchased. In Riggs v. Pursell (66 N. Y. 193, 198-199) the court said: “ The purchasers are entitled to all the property and title which the referee undertook to sell and which they rightfully supposed they were to receive. (Morris v. Mowatt, 2 Paige, 586; Spring *555 v. Sandford, 7 id., 550; Seaman v. Hicks, 8 id., 655.) A purchaser upon such a sale will not be relieved on account of defects in the property or the title thereto, of which he had notice, and in reference to which he made his bid, and the court will not permit him to abandon his contract without seeing that the object of the purchase is defeated and that he would be injured by the enforcement of the contract. If every minute and critical objection to a judicial sale is suffered to prevail, it will be attended with much inconvenience and embarrassment. A purchaser claiming to be discharged from his contract should, therefore, make out a fair and plain case for relief; and it is not every defect in the subject sold or variation from the description that will avail him. He will not be suffered to speculate at such sales, and, if he happens to make a bad bargain, to repudiate it and abandon his purchase on some nice but immaterial objection. If he gets substantially what he bargains for, he must complete the purchase and take his deed; and, in some cases, the court will compel him to take a compensation for any deficiency.”
(5) Purchaser has not come forward with any definite proof that the City of New York has an interest in the 11 parcels foreclosed “ because at one time (they were) part of the meadow lands of and owned by the Town of New Utrecht, the predecessor in title of the City of New York.” No title company report, no search, survey, or other competent evidence has been submitted to support the contention. To justify his refusal to perform on the ground of defect in title, a purchaser must present a reasonable doubt as to it, such as would affect the value of the property and interfere with the sale to a reasonable purchaser (Higgins v. Eagleton, 155 N. Y. 466, 472).
Plaintiff’s motion for leave to resell and to hold the purchaser liable for any deficiency is granted. The cross motion to relieve the purchaser of his purchase and to return the down payment is granted as to parcels No. 14 and No. 60 and denied as to all other parcels.
Settle order on notice to the attorneys for the purchaser.