■ LOUISE MAZZULLO et al., Respondents, v. GEORGE WIELAND et al., Doing Business as WIELAND PROVISIONS, Defendants and Third-Party Plaintiffs-Appellants. ROSE LOSTRAPPO et al., Third-Party Defendants-Respondents.— In an action to recover damages for personal injuries, and for loss of services, brought in the City Court of New Rochelle, the appeal is from a judgment entered on a jury's verdict in favor of respondents Mazzullo and on the court's dismissal of the third-party complaint. Respondent Louise Mazzullo was injured when she slipped and fell while leaving a store operated by appellants. Appellants served a third-party complaint for judgment over against their lessors. Prior to the trial, appellant Herman Wieland died, and it does not appear that a representative has been substituted for him or that a severance has been effected as to him. Appeal from judgment insofar as it is in favor of respondents and against appellant Herman Wieland dismissed, without costs. Judgment insofar as it is in favor of respondents against appellant George Wieland, doing business as Wieland Provisions, reversed, action severed, and a new trial ordered as to the issues raised by the complaint and the answer thereto, with costs to abide the event. Judgment insofar as it dismisses the third-party complaint affirmed, without costs. In our opinion, the verdict was contrary to the weight of the credible evidence. Respondent Louise Mazzullo claimed that she slipped and fell on a foreign substance on the floor of appellants' premises. There was unsatisfactory proof of the nature of the foreign substance, of appellants' knowledge, actual or constructive, of the existence of a dangerous condition, and of the creation by appellants of such condition. In the interests of justice there

should be a new trial. Since the record reveals that appellant Herman Wieland died before the trial and that no representative was substituted, the judgment appealed from is a nullity as against said appellant. Prior to the new trial, a proper representative should be substituted, or the action severed (*Wanamaker* v. *Springstead*, 274 App. Div. 1008). Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.