■ WINIFRED B. LORD, Respondent, v. RUTH E. SHERMAN, Appellant, and A. JAMES LIGUORI, as Receiver, Respondent.— In an action for an accounting of the rents and profits of certain real property, based on the claim that plaintiff, as the widow of Sydney Lord, deceased, succeeded to his one-half interest in the property which had been owned by him and the defendant as tenants in common, the *defendant* appeals from the following two orders of the Supreme Court, Kings County: (1) An order dated September 12, 1962 which granted conditionally a motion made by defendant's *executrix* to open the defendant's default in pleading, to permit such executrix to be substituted as defendant and to amend the pleadings accordingly — the condition being that within a time specified the executrix shall file a bond for $250 as security for costs — and which denied the motion upon noncompliance with the condition; the appeal being limited to so much of said order as imposed the condition and denied the motion upon noncompliance therewith. (2) An order dated September 19, 1962 denying a motion made by defendant's executrix to remove the temporary receiver who had been appointed by order of the court dated July 24, 1961. Order of September 12, 1962 modified by striking out the condition which was imposed and the last decretal paragraph which provides that the motion is denied upon noncompliance with the condition; and by substituting therefor a provision granting *in toto* the motion of the defendant's executrix to open the defendant's default, to be substituted as party defendant and to amend the pleadings accordingly. As so modified, the order is affirmed, without costs. The executrix as such substituted defendant, within 30 days after entry of the order hereon, may serve her answer or make any motion addressed to the complaint. Order of September 19, 1962 denying the motion of the defendant's executrix to remove the temporary receiver, reversed, without costs; motion granted; receiver directed to file his account within 30 days after entry of the order hereon, and to be removed upon the settlement of such account. The determination here made with respect to each order is without prejudice to such further proceedings as the parties may be advised. It appears that on June 10, 1961 this action was commenced by the service of the summons and complaint on the named defendant Ruth E. Sherman; that on June 29, 1961 the said defendant died testate; that she died without having served her answer or a notice of appearance in the action and before her time to do so had expired; that on July 24, 1961 the receiver was appointed without the substitution of her representative; that the receiver has taken possession of the property and is collecting the rents; that on August 7, 1962 the executrix for the deceased defendant was appointed by the Surrogate's Court, Kings County; and that on August 18, 1962 the executrix made the two instant motions to open the *defendant's* default, to be substituted as defendant, to amend the pleadings accordingly and to remove the receiver. The notices of appeal, which are dated September 21, 1962, state that the appeals are taken by the *defendant*. The notices will be deemed amended to state that the appeals are taken by the defendant's executrix (Civ. Prac. Act, §§ 107, 105). Since the defendant had died more than a year before and since the attorneys who filed the notices appeared only for the executrix (who is the movant), it is obvious that the appellant was inadvertently described as the *defendant* instead of the defendant's executrix. We believe it was error to impose, as a condition to the granting of the executrix' motion for substitution, the requirement that the executrix shall file a bond of $250 for security. The fact that the executrix may be a nonresident does not justify the imposition of such a condition. Since she was duly appointed by the Surrogate's Court, Kings County, and since the cause

of action is one which survives the testatrix' (the original defendant's) death, the unconditional substitution of the executrix as a party defendant becomes mandatory (Civ. Prac. Act, § 84). Even if the condition be deemed to have been imposed solely on the granting of the motion to open defendant's default, its imposition would be an improper exercise of discretion, since the death of the defendant was the cause of her default. Under the circumstances, it was also error to deny the executrix' motion to remove the receiver. He was appointed after the defendant's death and prior to the appointment of the executrix and her substitution in this action. All proceedings in an action taken against a deceased party after his death and before the substitution of his personal representative are a nullity (*Reoux* v. *Reoux*, 14 A D 2d 648; *Solomon* v. *Kittay*, 11 A D 2d 725, 726; *Ruderman* v. *Feffer*, 10 A D 2d 704; *O'Brien* v. *Flynn*, 228 App. Div. 704; *Matter of Huberman* v. *O'Connell*, 282 App. Div. 762, 763; *Wanamaker* v. *Springstead*, 274 App. Div. 1008, 1009; *Thorburn* v. *Gates*, 191 App. Div. 506, affd. 232 N. Y. 544). Beldock, P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.