■ In the Matter of EUGENIA JORDAN, Respondent, v Estate of JENNIE NEWMAN, Deceased, Respondent, and UNINSURED EMPLOYERS' FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed April 5, 1979. The board awarded benefits to claimant for injuries she sustained on June 28, 1974 as a result of an accident arising out of and in the course of her employment. It was held that claimant was an employee of Jennie Newman, who died on October 16, 1974. No legal representative has been appointed for her estate. The term "Employer" is defined in subdivision 3 of section 2 of the Workers' Compensation Law as including "the legal representatives of a deceased employer". All proceedings in an action against a deceased party after his death and before substitution of his personal representative are null and void *(Lord v Sherman,* 18 AD2d 1029). In this case, therefore, no party existed over which the board could exercise jurisdiction following the death of Jennie Newman. The board lacked the power to make an award against the estate of Jennie Newman since the entity was never created. Therefore, the matter must be remitted to the board. A representative of the deceased's estate must be appointed to succeed to the rights and obligations of the decedent. As for respondent's contention that the Uninsured Employers' Fund waived its right to raise the question of personal jurisdiction, the record provides no factual support for this position. Furthermore, personal jurisdiction over the estate of Jennie Newman could only be waived by its legally appointed representative. Since none existed, waiver was impossible.

Decision reversed, without costs, and matter remitted to the board for the purpose of obtaining jurisdiction over the estate of Jennie Newman and for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Main and Mikoll, JJ., concur; Staley, Jr., J., not taking part.