■ COBRA PILE DRIVING CORP., Appellant, v P. J. CARLIN CONSTRUCTION COMPANY et al., Respondents. — In an action, *inter alia,* to recover payment for extras provided under a construction contract, plaintiff appeals from an order of the Supreme Court, Kings County (Hirsch, J.), dated December 9, 1981, which granted the defendants' motion for partial summary judgment dismissing plaintiff's second and third causes of action. Order modified by deleting the provision dismissing plaintiff's second cause of action, and substituting therefor a provision denying so much of the defendants' motion as seeks partial summary judgment dismissing that cause of action. As so modified, order affirmed, without costs or disbursements. We agree with Special Term that plaintiff's third cause of action, which alleges that the defendants "actively delayed, hampered, interfered with, retarded and impeded [its] performance and completion of the work" required under the contract, must be dismissed because it is based upon a claim which was the subject of a valid release. Plaintiff's second cause of action, however, seeks payment for extra work performed under the contract. As the defendants concede, the release in question was not intended to bar "payment of extras which were actually ordered according to the terms of the contract". Accordingly, Special Term erred in dismissing plaintiff's second cause of action as barred by the terms of the release. Mollen, P. J., Gulotta, O'Connor and Rubin, JJ., concur.

■ CARL FELGENHAUER, JR., Appellant, v ATLANTIC AND PACIFIC TEA COMPANY, Respondent. — In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Dickinson, J.), entered July 14, 1982, which was in favor of the defendant, upon a jury verdict. Judgment affirmed, with costs. The plaintiff claimed that he slipped and fell on a foreign substance on the floor of the defendant's premises. On this appeal he asserts that the jury's finding in favor of the defendant was against the weight of the evidence. We disagree. There was unsatisfactory proof as to the exact nature of the foreign substance, of the defendant's knowledge, whether actual or constructive, of the existence of a dangerous condition, and of the creation by the defendant of such condition (see *Mazzullo v Wieland,* 9 AD2d 930; see, also, *Sikora v Apex Beverage Corp.,* 282 App Div 193, affd 306 NY 917; *Fazio v Stanley-Mark-Strand Corp.,* 264 App Div 921, affd 290 NY 547). Moreover, there was a conflict in the proof as to whether the foreign substance found on the plaintiff's trousers and rubbers was what actually caused him to fall. We have considered the other argument advanced by the plaintiff and find it to be without merit. Gibbons, J. P., Thompson, Weinstein and Rubin, JJ., concur.