CHARLES E. DAVENPORT, Receiver, etc., Respondent, *v.* HUGH McCHESNEY, Appellant.

Where the mortgagee sells, under a chattel mortgage, property more than sufficient to pay the mortgage debt, bids the same in himself and takes possession, claiming the property under this title, the mortgagor may elect to treat the entire sale as valid, and to regard the amount for

which the property sold in excess of the indebtedness secured as unpaid purchase-money in the hands of the mortgagee.

A receiver of the property, etc., of the mortgagor, appointed in proceedings supplementary to execution against him, may maintain an action against the mortgagee to recover such surplus.

N. executed to defendant a chattel mortgage to secure indorsements made at its date by the former for the latter, and also subsequent indorsements. Defendant took possession of and sold all the property mortgaged bidding it in himself, and thereafter claiming title. In an action by plaintiff, as receiver of the property of N., to recover an alleged surplus of the amount bid on sale over and above the mortgage debt, defendant claimed to be allowed a sum received by N. upon a note made for his accommodation by defendant. This note was not made until about two months after the sale under the mortgage, and was not paid by defendant until after supplementary proceedings had been instituted against N. *Held,* that defendant was not entitled to the credit claimed. 1st. Because the note was not a liability within the strict terms of the mortgage. 2d. The security of the mortgage was extinguished by the act of defendant before the making of the note. 3d. The judgment creditors had obtained an equitable lien upon the fund or debt before payment by defendant.

Other property of N. was sold on execution and bid off by defendant, a surplus of the purchase-price, after paying the executions, was not paid over by defendant to the sheriff. *Held,* that an action could have been maintained by the judgment debtor to recover the surplus, and his right passed to the plaintiff as receiver.

Also, that if any counter-claim or equity existed which should debar plaintiff from recovering this surplus, it should have been asserted by defendant and established on the trial.

The trial court found that defendant "had money in his hands," *i. e.,* the amount of the surplus on both sales. *Held,* that while the finding might not be technically correct, yet construed in connection with the pleadings and evidence, it was in substance that defendant was indebted in the sum mentioned ; and that an exception to the form of the finding did not call for a reversal of the judgment.

(Argued June 10, 1881 ; decided October 4, 1881.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made April 8, 1880, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought by plaintiff, as receiver, appointed in supplementary proceedings, against Nelson McChesney, to

recover an alleged surplus arising on sale of personal property under a chattel mortgage executed by said Nelson to defendant; also a surplus arising on sale of property under an execution in favor of defendant against said Nelson.

The court found in substance that on February 9, 1874, said Nelson executed to defendant (his father) a chattel mortgage, conditioned to pay any sums becoming due to the mortgagee "by reason of any indorsement made or which may be made by him" for the mortgagor, or for money loaned. In October, 1874, defendant foreclosed the mortgage, selling all the property covered thereby, which he bid off himself, the net proceeds of the sale being $809. At that time defendant was liable upon indorsements for the mortgagee to the amount of $154.80, which he paid. Defendant also, in October, 1874, caused the issuing of an execution upon a judgment in his favor against said Nelson, under which property of the judgment debtor was levied upon, sold and bid in by defendant. After satisfying the execution a surplus remained which was not paid over by defendant to the sheriff. On December 10, 1874, defendant made his note for $500 for the accommodation of Nelson, who received $400 of the avails; this note was not paid until after the supplementary proceedings were instituted, in which plaintiff was appointed receiver.

The trial court found that defendant "had money in his hands" to the amount of the surplus arising on both sales, and directed judgment therefor, which was entered accordingly.

*Esek Cowen* for appellant. The giving of a promissory note is *prima facie* evidence of an accounting and settlement of all demands between the parties, and that the maker was indebted to the payee upon such settlement to the amount of the note. (*Lake* v. *Tysen,* 6 N. Y. 461; *De Freest* v. *Bloomingdale,* 5 Denio, 304.) The plaintiff was not entitled to a recovery for any surplus arising from the sale of the property of Nelson McChesney by the sheriff, on the execution in favor of the defendant against said Nelson. (*Coats* v. *Stewart,* 19 Johns. 298.) The plaintiff was not entitled to a recovery for

any surplus money arising from the sale under the chattel mortgage. (*Charter* v. *Stevens*, 3 Denio, 33.) Under the circumstances, an action for money had and received will not lie. (*Coats* v. *Stewart*, 3 Denio, 33.)

*Nelson Davenport* for respondent. The surplus, if any, at the time of the foreclosure and sale, over and above the amount then due from Nelson, the mortgagor, to defendant, belonged to such mortgagor. (*Charter* v. *Stevens*, 3 Denio, 33 ; *Parish* v. *Wheeler*, 22 N. Y. 511.)

ANDREWS, J. There is but little that needs to be said in this case, in addition to what is contained in the opinion of the General Term.

1. The defendant was properly held to account for the excess of the purchase-price of the property sold on the chattel mortgage beyond the legal claims secured thereby. He assumed to sell all the mortgaged property under the power of sale contained in the mortgage, and afterward took possession of and claimed the property under this title. The mortgagor could elect to treat the entire sale as valid, and to regard the amount for which the property sold beyond the amount applicable to the mortgage debts as unpaid purchase-money in the hands of the defendant. The receiver succeeded to the rights of the mortgagor, and can enforce the payment of the surplus in this action.

2. The finding below as to the amount of the claims secured by the mortgage was based upon evidence, and although the evidence was conflicting, the conclusion of the trial court having been approved by the General Term, is conclusive on this appeal. The claim, that the sum of $400, received by Nelson McChesney out of the proceeds of the note of December 10, 1874, was secured by the mortgage and should have been credited to the defendant, is not tenable for several reasons : *first*, the note was an accommodation note made by the defendant, and is not a liability within the strict terms of the mortgage, or secured thereby ; *second*, the note was not made until nearly

two months after the mortgage had been foreclosed by a sale of all the property embraced therein, which was an extinguishment of the security by the act of the defendant; and *third*, the note was not paid by the defendant until after proceedings supplementary to execution had been instituted, and an equitable lien on the fund or debt acquired by the judgment creditor.

3. The surplus on the execution sale had not been paid to the sheriff. It seems that his fees were paid, and so far as appears, he makes no claim, and none is asserted in his behalf. If the [surplus had been paid to the sheriff, he would have held it for the judgment debtor. We think an action could have been maintained by the judgment debtor to recover the surplus in the hands of the defendant, and this right passed to the receiver. If there is any counter-claim or equity which should debar the judgment debtor or the receiver from maintaining an action to recover this surplus, this claim or equity should have been asserted by the defendant and established on the trial.

4. The finding that the defendant had in his hands moneys, etc., to the amount for which judgment was rendered, may not be technically correct. But the finding, construed in connection with the pleadings and evidence, is, in substance, that the defendant was indebted in the sum mentioned, by reason of the matters referred to. The exception to the form of the finding does not call for a reversal of the judgment.

The judgment should be affirmed.

All concur.

Judgment affirmed.