■ SOL SILVER et al., Respondents, v MOE'S PIZZA, INC., et al., Appellants.—In an action to recover unpaid rent owed pursuant to a lease, which had been accelerated upon default, and for attorney's fees, the defendant's appeal from a judgment of the Supreme Court, Dutchess County (Buell, J.), entered December 17, 1984, which, after a nonjury trial, is in

favor of the plaintiffs and against them in the principal amount of $45,390.29.

Judgment affirmed, with costs.

The plaintiffs were the lessors of commercial space in a shopping center in which the defendants leased space, for a five-year term, for the operation of a restaurant. After the defendants had been in possession for about a year, the leasehold premises were partially destroyed by fire. Pursuant to the lease covenant to repair, the plaintiffs restored the premises to essentially the same condition as they were at the commencement of the lease. The plaintiffs did not restore or replace the defendants' improvements to the leasehold. When the plaintiffs notified the defendants that the premises had been restored, the defendants, after inspection and upon discovery that the leasehold improvements had not been replaced, elected to terminate the lease.

We agree with the trial court's conclusion that the plaintiffs were not obligated to restore or replace the leasehold improvements, and that the plaintiffs were therefore entitled to the rent for the remaining term pursuant to a valid acceleration clause.

The defendants contend on appeal that the plaintiffs' failure to obtain a new certificate of occupancy established that the premises were not adequately restored. The record, however, amply supports the trial court's finding that the premises were restored to the condition in which they were at the commencement of the lease. The defendants further contend that there was a constructive eviction because the absence of a certificate of occupancy rendered the occupation and use of the premises illegal. Assuming without deciding that a certificate of occupancy was necessary following the repairs, the absence of such a certificate does not amount to a constructive eviction. A constructive eviction exists where the landlord's wrongful acts substantially and materially deprive the tenant of the beneficial use and enjoyment of the premises *(see, Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 83; *56-70 58th St. Holding Corp. v Fedders-Quigan Corp.*, 5 NY2d 557, 564). Moreover, the tenant must have been deprived of something to which he was entitled under or by virtue of the lease *(see, Barash v Pennsylvania Term. Real Estate Corp., supra*, at p 82). The plaintiffs made no promise with respect to obtaining a certificate of occupancy *(cf. 56-70 58th St. Holding Corp. v Fedders-Quigan Corp., supra)*. Further, it appears that such a certificate could not be obtained without restoring or replacing the leasehold improvements,

which the plaintiffs were not obligated to do. Therefore, the plaintiffs did not deprive the tenants of a benefit to which they were entitled.

In the case of a commercial lease where the landlord has made no covenant to obtain a certificate of occupancy and the tenant's right to possession is wholly undisturbed, the mere absence of a certificate of occupancy does not relieve the tenant of its fundamental obligation to pay rent (see, 56-70 58th St. Holding Corp. v Fedders-Quigan Corp., supra; cf. Multiple Dwelling Law § 302 [1] [b]).

Finally, we agree with the trial court's conclusion that the plaintiffs' temporary storage of a minimal quantity of building supplies on the premises did not amount to an actual eviction (see, Barash v Pennsylvania Term. Real Estate Corp., supra, at p 82). Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.