*516 OPINION OF THE COURT
Memorandum.
Final judgment affirmed without costs.
A nonpayment proceeding was commenced against the tenant in October of 1989. The pleadings were amended to conform to the proof at the trial, making the total amount allegedly due the landlord $123,676.75. The genesis of the problem in this case revolves around the apparently conflicting clauses in the rider and additional rider involving the tenant’s obligation to pay rent in the absence of a certificate of occupancy. Paragraph "48th” of the rider to the lease provides that, "Tenant accepts possession of the premises in contemplation of Landlord’s completing the premises and obtaining a Certificate of Occupancy. Tenant accepts obligation of lease as of date of possession.” Paragraph "4” of the additional rider states "Certificate of Occupancy or equivalent before moving in or commencing rent”. Paragraph "12” of the "punchlist” which was drawn by the tenant five months after the lease agreement was signed, contained a clause that "Certificate of Occupancy or equivalent before moving in or commencing rent. Per Additional Rider to lease item No. 4”. The trial court found ambiguity in the various agreements and since the tenant (appellant) prepared the agreement, construed it against the tenant.
We affirm the conclusion of the trial court, but for a different reason.
In 22 NY Jur 2d, Contracts, § 222, the authors state: "Where there is an apparent repugnancy between two clauses of a contract, the court has a duty to reconcile them, if possible, so as to give effect to all of the provisions of the contract. Therefore, it is the court’s province to find harmony between apparently conflicting provisions. However, if two clauses of an agreement are so totally repugnant to each other that they cannot stand together, the first of such clauses in the contract shall be received and the subsequent one rejected.”
The authors further state (id., at § 226) that: "[Instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, will be read and interpreted together, it being said that they are, in the eye of the law, one instrument.”
In Silver v Moe’s Pizza (121 AD2d 376, 377-378) the Second Department discussed the obligation of the parties in a com *517 mercial lease setting to pay rent where the certificate of occupancy was not provided and stated that: "In the case of a commercial lease where the landlord has made no covenant to obtain a certificate of occupancy and the tenant’s right to possession is wholly undisturbed, the mere absence of a certificate of occupancy does not relieve the tenant of its fundamental obligation to pay rent”. (Supra, at 378.)
In applying the construction of the lease suggested by the authority quoted from above, it is apparent that the lease agreement, rider and additional rider are to be read as one agreement. Therefore, the first clause, paragraph "48th” will be controlling and paragraph "4” of the "Additional Rider” will be ignored since it is in direct conflict with the first clause. Consequently, the obligation to pay rent remained. This court does not find the result inequitable or unjust. At the time of the negotiation of the lease, and indeed at the time of the trial, tenant conceded that it was not using most of the space leased to it since it had not commenced its manufacturing phase yet. Moreover, tenant has had the benefit of an offset to the rent in the amount of $49,000 due to penalties that the landlord agreed to once tenant was in possession. It would be a "tortured” construction that would lead to the conclusion that the landlord agreed to permit tenant to occupy the premises rent-free and still open itself to substantial penalties under the terms of the same lease.
DiPaola, P. J., Stark and Ingrassia, JJ., concur.