■ HIDDEN PONDS OF ONTARIO, INC., Appellant, v GREGORY HRESENT, Respondent. (Appeal No. 1.) [621 NYS2d 961] —Appeal unanimously dismissed without costs (see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc., 147 AD2d 977). (Appeal from Order of Supreme Court, Wayne County, Sirkin, J.—Dismiss Complaint.) Present—Pine, J. P., Balio, Lawton, Callahan and Davis, JJ.

■ HIDDEN PONDS OF ONTARIO, INC., Appellant, v GREGORY HRESENT, Respondent. (Appeal No. 2.) [622 NYS2d 168] —Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff and new trial granted on second cause of action in accordance with the following Memorandum: Plaintiff leased the portion of defendant's property that constituted a "party house," restaurant and adjacent parking lot. During the first 15 months of the lease period, plaintiff

occasionally ceased restaurant operations for a few hours because of lack of water or because the septic system did not function properly, causing the kitchen and bathroom floors to be covered with waste water and raw sewage. In October 1990 plaintiff closed the restaurant and abandoned the tenancy after the water system again failed and plaintiff had to dispose of more than $1,000 worth of food.

Plaintiff commenced this action seeking damages for constructive eviction, breach of the covenant of quiet enjoyment, and fraudulent misrepresentation or concealment. Supreme Court granted defendant's motion to dismiss at the close of plaintiff's proof.

With respect to constructive eviction, Kenneth Van Lare, the president of plaintiff, acknowledged at trial that he did not close the business because of problems with the septic system. Although plaintiff presented evidence of problems with water quality, the lease obligated plaintiff to maintain the water supply equipment inside the building and to pay the costs of water purification. Further, the water quality problems could have been resolved by minor modifications to the equipment that would allow for longer chlorine contact with the water. There was no constructive eviction with respect to water quality because the tenant was not "deprived of something to which he was entitled under or by virtue of the lease" (Silver v Moe's Pizza, 121 AD2d 376, 377; see generally, 74 NY Jur 2d, Landlord and Tenant, § 275). Thus, the court properly dismissed the first cause of action.

The court also properly dismissed the third cause of action for fraudulent misrepresentation or concealment. Plaintiff failed to establish that it relied upon any alleged false statement.

The court erred, however, in dismissing the second cause of action, for breach of the covenant of quiet enjoyment, at the close of plaintiff's proof. Plaintiff's expert testified that the cause of occasional lack of water to the leased premises was a clogged pipe that carried water from a pond to a reservoir well near the building. Van Lare testified that, on all but one occasion, the lack of water interfered with restaurant operations, and that, on October 19, 1990, he discarded some $1,000 worth of food and closed the restaurant for good. Accepting that testimony to be true, as we must (see, Nicholas v Reason, 84 AD2d 915), and in view of the reasonable inference that the clogged pipe is located outside the leased premises and on property owned by defendant, we conclude that plaintiff pre-

sented a prima facie case that the wrongful act of the landlord in failing to supply water to the leased premises substantially and materially deprived plaintiff of the beneficial use and enjoyment of the premises *(see, Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77; *see generally,* 74 NY Jur 2d, Landlord and Tenant, § 275). Thus, the judgment is modified by denying in part defendant's motion to dismiss and reinstating the second cause of action, and a new trial is granted before a different Judge on the second cause of action. (Appeal from Judgment of Supreme Court, Wayne County, Sirkin, J.—Costs.) Present—Pine, J. P., Balio, Lawton, Callahan and Davis, JJ.