■ In the Matter of JOSEPHINE COPPOLA, Respondent, v GEORGE S. STROKER, Appellant. [653 NYS2d 134] —In a proceeding under the Family Court Act article 4 for an upward modification of child support and maintenance provisions of a judgment divorcing the parties, the father appeals from an order of the Family Court, Nassau County (Feiden, J.), dated December 4, 1995, which denied his objection to an order of the same court (Watson, H.E.), dated June 15, 1995, requiring him to pay $400 per month in spousal maintenance.

Ordered that the order is reversed, on the law, with costs, the father's objection is granted, the order of the Hearing Examiner is vacated, and the matter is remitted to the Family Court, Nassau County, for a recomputation of spousal maintenance based upon the maintenance reduction provision in the parties' October 1982 stipulation of settlement.

In October 1982 the parties entered into a stipulation of settlement which was incorporated but not merged into a judgment of divorce. Paragraph (1) of Article XI of the the stipulation provides that the father is to pay the mother $400 per month in maintenance plus $100 per month support for each unemancipated child. Paragraph (4) of that same Article provides that should the mother's maintenance be discontinued, as in the event of her remarriage, the father would be obligated to pay $150 a month for each unemancipated child, and

that "at no time shall the Husband's obligation for the support of the Wife and unemancipated children be reduced to less than a total of $600.00 per month ($150.00 per month per child)"—i.e., so long as all four of the parties' children remain unemancipated. All but one of the parties' children are emancipated. The remainder of paragraph (4) of Article XI concerns a maintenance reduction provision, whereby the mother's maintenance, and thereafter child support, is diminished by 50 cents for every dollar the mother earns in excess of $20,800 a year. By its own terms this provision is to decrease "the Husband's support obligation as set forth in Paragraph (1) of this Article".

The Hearing Examiner concluded that because the mother had not remarried, the father was obligated to pay an irreducible $400 a month as maintenance plus $100 a month for each unemancipated child pursuant to paragraph (1) of Article XI, despite the existence of the maintenance reduction provision in paragraph (4). The father's objection, addressed solely to the finding that he was obligated to pay $400 in maintenance, was denied by the Family Court. We reverse and remit for another computation of the father's obligation.

The Hearing Examiner erred in rendering nugatory the maintenance reduction provision of the parties' stipulation. It is well settled that a stipulation of settlement entered into by spouses in contemplation of divorce is a contract subject to principles of contract interpretation *(Mangels v Mangels,* 197 AD2d 505). As in any case of contract construction, the court must reconcile apparently conflicting provisions, in order, if possible, to give effect to all *(see, e.g., Spectrum Stds. v Telnetex, Ltd.,* 150 Misc 2d 515, 516; 22 NY Jur 2d, Contracts, § 222). Other principles of contract construction require that plain language should be given effect *(see. e.g., Bottitta v Bottitta,* 194 AD2d 510, 513), and that every provision should be deemed to have some meaning *(Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42, 46; *Matter of Trump [Refco Props.],* 194 AD2d 70, 75). Here, the Hearing Examiner limited the effect of the maintenance reduction provision in paragraph (4) to the context of that paragraph, and failed to apply it to paragraph (1), where, by its express terms, it was intended to be applied *(see, e.g., Rodolitz v Neptune Paper Prods.,* 22 NY2d 383). We note that the mother admitted on various occasions that it was her understanding that the maintenance reduction provision would be applied for each year that her salary exceeded $20,800 *(see, e.g., Jewett Refrigerator Co. v Lawless,* 120 Misc 443).

The parties' remaining contentions are without merit. Thompson, J. P., Santucci, Friedmann and Luciano, JJ., concur.