■ RENAISSANCE COMPLEX REDEVELOPMENT CORPORATION, Respondent, v RENAISSANCE ASSOCIATES, Appellant, et al., Defendants. [680 NYS2d 248] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about September 8, 1997, which denied defendant mortgagor's motion to vacate the judgment of foreclosure entered on December 12, 1996, unanimously modified, on the law and the facts, to declare that any moneys received by the mortgagee at the foreclosure sale in excess of the amount of the judgment it bid in at the sale is surplus that the mortgagee is holding in trust for the mortgagor, and to remand for further fact finding to determine the amount of any such surplus, and the rights of any subordinate lien holders therein, and otherwise affirmed, without costs.

A purchaser who defaults at a foreclosure sale is generally liable to the mortgagee for any deficiency between its bid and the amount obtained at a resale, and thus the deposit paid by the defaulting purchaser at the first sale could have been used towards eliminating any such deficiency (*see*, *Matter of Bertino v Kalmanash*, 94 AD2d 794). That circumstance, however, did not eventuate here. The mortgagee's bidding in of the debt to purchase the mortgaged property at foreclosure constituted a satisfaction of the debt, and any amount it received in excess of the judgment is surplus that it is holding in trust for the mortgagor and any subordinate lien holders (*see*, *Whitestone Sav. & Loan Assn. v Allstate Ins. Co.*, 28 NY2d 332, 335; *Davenport v McChesney*, 86 NY 242; *Polish Natl. Alliance v White Eagle Hall Co.*, 98 AD2d 400, 407-408). To the extent that the "Terms of Sale" provide otherwise, they vary from the judgment of foreclosure, and are void (*see*, *Albany Sav. Bank v*

*David Thum Realty*, 97 AD2d 891). We have considered the mortgagor's other arguments and find them to be unavailing. Concur—Rosenberger, J. P., Nardelli, Wallach and Rubin, JJ.