■ WELLS FARGO HOME MORTGAGE, Respondent, v DOMINGO ACOSTA et al., Defendants. GEORGE ANDREADIS, Nonparty Appellant; MICHAEL F. MONGELLI II et al., Nonparty Respondents. [822 NYS2d 83]—

In an action to foreclose a mortgage, George Andreadis appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Satterfield, J.), dated September 27, 2004, which, inter alia, denied his motion to disaffirm a referee's report dated April 21, 2003 and to direct the referee to file a new report accounting for $38,100 that was received from nonparties Mohammad Nasim and Hiwante Hilall at a foreclosure sale on April 4, 2003.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith, including a determination of the amount due to the appellant pursuant to his subordinate mortgage in the principal sum of $13,500 and for payment of the amount due out of the surplus.

At a foreclosure sale on April 4, 2003, the premises in question was sold for the sum of $381,000. The purchasers, Hiwante Hilall and Mohammad Nasim, deposited a 10% down payment in the sum of $38,100 with the referee. The purchasers then defaulted and the referee retained the down payment.

An additional foreclosure sale was held on July 18, 2003 and the premises was sold to the appellant for the sum of $365,000. The referee's report of the sale stated that the plaintiff, Wells Fargo Home Mortgage, was entitled to the sum of $300,226 and that there was a surplus in the sum of $28,533.82 after payment of the referee's fees and expenses, taxes, water and sewer charges, and maintenance costs. The report did not mention the attempted sale that occurred on April 4, 2003 or the $38,100 down payment.

The appellant moved to disaffirm the report and to direct the referee to file a new report which would account for the $38,100 down payment made by the defaulting purchasers. The Supreme Court, inter alia, denied the appellant's motion, directed the referee to return $32,428.56 of the down payment to the defaulting purchasers, and to use the remaining portion of the down payment to pay for advertising and one half of an additional fee to the referee in the sum of $4,000. We reverse insofar as appealed from.

The referee should have accounted for the $38,100 down payment in his report to properly adjudicate conflicting claims to any surplus (*see Renaissance Complex Redevelopment Corp. v Renaissance Assoc.*, 255 AD2d 274 [1998]). Therefore, the referee must file a new report accounting for those funds.

Moreover, under the circumstances of this case, the defaulting purchasers should have been held responsible for the entire $4,000 additional fee to the referee, since their default contributed substantially to that fee.

The appellant was owed the principal sum of $13,500 as a subordinate mortgage holder. After the referee files a new report, the Supreme Court shall determine the amount due to the appellant pursuant to RPAPL 1361 and provide for payment pursuant to RPAPL 1362.

The appellant's remaining contentions either are without merit or need not be addressed in light of our determination. Miller, J.P., Goldstein, Spolzino and Dillon, JJ., concur.