■ NYCTL 2004-A Trust et al., Respondents, v Fulton Street Holding Corporation, Appellant, et al., Defendants. [843 NYS2d 665]—

In an action to foreclose a tax lien, the defendant Fulton Street Holding Corporation appeals from an order of the Supreme Court, Kings County (Schack, J.), dated January 16, 2007, which denied its motion to compel the plaintiffs to provide it with an updated payoff letter crediting it with the amount of a defaulting purchaser's deposit from a previous attempted foreclosure sale of the subject property.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, paragraphs 3 and 6 of the terms of sale in this foreclosure action, when read together, did not compel the plaintiff to use the deposit forfeited by a prior defaulting purchaser (hereinafter the purchaser) to reduce the appellant's tax debt to the plaintiffs, even when that purchaser had informed the plaintiff that it had no objection to that procedure. Read together and construed in accordance with their plain meaning (*see generally Beal Sav. Bank v Sommer*, 8 NY3d 318, 324-325 [2007]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Malleolo v Malleolo*, 287 AD2d 603

[2001]; *Albanese v Consolidated Rail Corp.*, 245 AD2d 475, 476 [1997]; *Matter of Coppola v Stroker*, 235 AD2d 536, 537 [1997]), paragraphs 3 and 6 clearly provide that a defaulting purchaser's deposit shall be used to pay the plaintiffs' costs and fees associated with a resale of the premises, as well as interest to the date of delivery of the deed. They further provide that upon said resale, the defaulting purchaser will also be liable for any deficiency in the purchase price realized from the resale (*see generally Renaissance Complex Redevelopment Corp. v Renaissance Assoc.*, 255 AD2d 274 [1998]). Accordingly, neither the appellant nor the defaulting purchaser had any right or authority to direct that the deposit be used to pay down the appellant's debt. Thus, the Supreme Court properly denied the appellant's motion to compel the plaintiffs to provide it with an updated payoff letter crediting it with the amount of the deposit. Ritter, J.P., Florio, Lifson and Dillon, JJ., concur.