■ In the Matter of MARGARET ZIEDE, Respondent, v MEI LING CHOW, Also Known as CINDY CHOW, Appellant, et al., Respondent. [941 NYS2d 275]—

In a proceeding pursuant to CPLR 5239, inter alia, to determine the rights of the petitioner to money held by the Sheriff of the City of New York, Mei Ling Chow, also known as Cindy Chow, appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated November 4, 2010, as granted that branch of the petitioner's motion which was to award the petitioner damages in the sum of $470,000, with interest, less the amount of the deposit moneys paid over to the petitioner, and denied her cross motion to set aside a sheriff's sale dated December 9, 2009, and (2) from a judgment of the same court dated January 4, 2011, which, upon the order, is in favor of the petitioner and against her in the sum of $275,611.40.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner-respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly denied the cross motion of Mei Ling Chow, also known as Cindy Chow (hereinafter Chow), to set aside a sheriff's sale dated December 9, 2009. Pursuant to CPLR 2003, a court may set aside a judicial sale "for a failure to comply with the requirements of the [CPLR] as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect." In addition, "the court may exercise its inherent equitable power over a sale made pursuant to its judgment or decree to ensure that it is not made the instrument of injustice" (*Guardian Loan Co. v Early*, 47 NY2d 515, 520 [1979]). Thus, "[a] court, in the exercise of its equitable powers, has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale" (*Fleet Fin. v Gillerson*, 277 AD2d 279, 280 [2000]; *see Guardian Loan Co. v Early*, 47 NY2d at 521). Here, Chow failed to demonstrate any mistake or irregularity in the sheriff's sale, and the Supreme Court properly declined to set aside the sale on that basis (*see Golden Age Mtge. Corp. v Argonne Enters., LLC*, 68 AD3d 925 [2009]). Further, to the extent that Chow's mistake in bidding on a property that she later decided she did not want because it was encumbered by mortgages could have been avoided through the exercise of ordinary care, the Supreme Court providently declined to exercise its equitable powers to set aside the sale (*see e.g. Da Silva v Musso*, 53 NY2d 543, 551 [1981]).

Further, the Supreme Court properly granted that branch of the petitioner's motion which was to award her damages in the sum of $470,000, which was the full amount of Chow's bid on the subject property, with interest, less the amount of the deposit moneys paid over to the petitioner. A defaulting bidder at a judicial auction may be held liable for any deficiency in the purchase price realized from the resale (*see NYCTL 2004-A Trust v Fulton St. Holding Corp.*, 44 AD3d 832, 833 [2007]; *Renaissance Complex Redevelopment Corp. v Renaissance Assoc.*, 255 AD2d 274 [1998]). Here, there were no bidders at the second auction and, thus, the resale price was zero.

Chow's remaining contention is not properly before this Court. Rivera, J.P., Angiolillo, Leventhal and Cohen, JJ., concur.