■ CITY OF BINGHAMTON, Appellant, v. ALEO ROSEFSKY et al., Respondents. (Action No. 1.) CITY OF BINGHAMTON, Appellant, v. RUDART REALTY CORPORATION et al., Respondents. (Action No. 2.) — GABRIELLI, J. Appeals from final orders of the Supreme Court, Broome County, entered June 1, 1967, pursuant to section 15 of the Condemnation Law, which confirmed

awards for the taking of certain properties located on Hawley and Isbell Streets in the City of Binghamton. (Action No. 1.).— The appropriated land in Action No. 1 contained between 10,709 and 11,088 square feet of land upon which there was a two-story commercial building erected in 1924 and being used for the storage and sale of automobile parts. Respondents' expert testified its highest and best use was for an office building while the appellant's expert testified that its highest and best use was its present use or "general commerical". The Commissioners found the highest and best use to be for the site of an office building and awarded $195,000. To support a valuation of $292,500 at the time of taking, respondents' expert did not rely upon comparable sales, but used the cost-less-depreciation and capitalization of income methods and used a separate valuation for the land to which a value for the building was added to arrive at an aggregate value of the appropriated property, while the appellant's expert relied mainly on comparable sales in evaluating the premises at $67,860. Using the cost approach, this appraiser valued the land at $37,700 to which he added $37,000 for the value of the building. The facts in this case do not come within any exception to the general rule that the measure of compensation upon the appropriation of land and buildings or improvements is the market value of the land as enhanced by such improvements or as enhanced by the fixtures thereon, viewed as a whole and not separately; and any attempt to separately value the land and the improvements thereon, to reach an aggregate value is improper, particularly where the improvement is not designed for a special purpose nor of a unique nature. (19 N. Y. Jur., Eminent Domain, §§ 172, 180.) While the award made by the Commissioners appears to lie between the figures to which both experts testified, it is not within the "range of the testimony" since the experts were not in accord as to the land's highest and best use (*Stiriz* v. *State of New York*, 26 A D 2d 964). Since it clearly appears that the building involved is not a specialty, the award made by the Commissioners cannot rest upon the testimony of experts based on cost of reproduction less depreciation (*Guthmuller* v. *State of New York*, 23 A D 2d 597); nor do the facts in this case permit the use of capitalization of prospective earnings (*Levitin* v. *State of New York*, 12 A D 2d 6, mot. for rearg. den. 13 A D 2d 611; *Wer Realty* v. *State of New York*, 26 A D 2d 732, 733) because the result reached by the expert on this basis was too speculative to reach the level of probative value required. To arrive at the result by this formula, the record shows that the expert capitalized hypothetical income from hypothetical tenants who would be occupying a hypothetical building. Reliance upon the enunciated rule in *Mattydale Shopping Center* v. *State of New York* (303 N. Y. 974) and *Levin* v. *State of New York* (13 N Y 2d 87) is misplaced for in those cases, while the anticipated enterprises were not presently in existence, the owners had executed leases for the intended improvements which were well advanced in plan and design. (Action No. 2.).— The appropriated land in Action No. 2 consisted of a vacant corner plot of land, containing between 10,535 and 11,164 square feet of land, being used as a parking lot. Respondents' expert testified its highest and best use was for a parking lot or a site for an office building and valued the land for either use at $117,500, while the appellant's expert also stated its highest and best use was for a parking lot and valued it at $41,200. While it appears that the experts gave testimony of value by the use of the capitalization of income approach, this was advanced for the purpose of verifying their conclusions reached by them as to value by the use of comparable sales. The Commissioners found the value of the land to be $75,000 based on the evidence of comparable sales. The record clearly

supports this award which is based on substantial evidence and within the range of the testimony. Order in Action No. 1 reversed, on the law and the facts, without costs, and case remanded to Special Term for remittal to the same or new Commissioners for a new appraisal. Order in Action No. 2 affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.