OPINION OF THE COURT
George A. Murphy, J.
Defendants Herman Cohn and William S. Cohn move for an order dismissing the complaint and cross claim against them (1) pursuant to CPLR 3211 (a) (7) upon the ground that plaintiff Jay Katzeff has failed to state a valid cause of action, and (2) pursuant to CPLR 3211 (a) (3) upon the ground that plaintiff Katzeff lacks legal capacity to bring this action. Plaintiff Katzeff cross-moves for an order allowing amendment of the caption, and leave to amend and' serve an amended complaint.
This is an action by plaintiff Katzeff wherein he alleges to have been damaged as a result of the incomplete purchase and then resale at a foreclosure sale of certain property which *1077 had been owned and mortgaged by Katzeff. KatzefFs default on the mortgage precipitated the foreclosure. Improperly named plaintiff Manufacturers Hanover Trust Company was plaintiff mortgagee in the foreclosure action, and improperly named plaintiff Gerald Alpert was acting Referee in the foreclosure sale of the mortgaged property.
Initially, it should be noted that the joining of Manufacturers Hanover Trust Co. and Gerald Alpert, Referee, as coplaintiffs in this action is an improper application of the CPLR joinder rules and, as such, the claims of these purported plaintiffs must be deemed legal nullities for purposes of this motion.
Plaintiff Katzeff has no legal capacity to bring this action. Defendants initially executed a "Terms of Sale” agreement as a result of their bid on plaintiff’s property at a foreclosure sale. Upon defendants’ failure to complete the purchase, the property was resold to Manufacturers Hanover Trust Company at a price that was $48,620.60 less than the bid of the original purchasers (defendants). As defendants correctly state in their memorandum of law in support of their motion, there is no statutory authority that gives a mortgagor a right to enforce provisions found in a "Terms of Sale” agreement governing a foreclosure sale by initiating an action for damages agáinst an allegedly defaulting purchaser. "At a foreclosure proceeding, the actual sale is made by the referee, as an officer of the court, and the contract is basically between the purchaser and the court” (Jorgensen v Endicott Trust Co., 100 AD2d 647, 648). In the case at bar, the parties to the "Terms of Sale” are Gerald Alpert, as an officer of the court, and the defendants herein. Inasmuch as Katzeff is not a party to the "Terms of Sale” agreement, dismissal of the complaint must be granted pursuant to CPLR 3211 (a) (3).
Furthermore, plaintiff’s contention that he has capacity to enforce the "Terms of Sale” as an intended third-party beneficiary is untenable as a matter of law. Although such a claim may in some circumstances be recognized (see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38), plaintiff’s complaint alleges no facts from which an inference can be drawn that it was intended by the parties to the "Terms of Sale” that plaintiff was to be the sole beneficiary of the provisions contained therein, nor can the complaint be construed to imply an intention by the parties that plaintiff would have the capacity to legally enforce its provisions.
*1078 Even if plaintiff did have capacity to bring an action against defendants, the complaint must be dismissed pursuant to CPLR 3211 (a) (7), as it fails to state a legally cognizable cause of action. Plaintiff’s complaint fails to allege sufficient facts showing that plaintiff has legal capacity to enforce the "Terms of Sale”. Additionally, plaintiff, in his attempt to propound his alleged damages, conceded that the purchase price of the premises upon resale fully satisfied his debt to Manufacturers Hanover Trust Company.
Accordingly, defendants’ motion for an order dismissing the complaint and cross claim against them is granted. Plaintiff Jay KatzefFs cross motion for leave to amend his complaint is denied since he has not annexed a copy of the proposed amended complaint (Goldner Trucking Corp. v Stoll Packing Corp., 12 AD2d 639).