■ RONALD M. SCHECKTER, Appellant, v EMIGRANT SAVINGS BANK, Respondent. [654 NYS2d 162] —In an action, *inter alia*, to recover damages for tortious interference with contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.),

entered January 31, 1996, as granted the defendant's motion for summary judgment dismissing the first cause of action in the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff defaulted on a mortgage loan he had with the defendant Emigrant Savings Bank. At the foreclosure sale, the purchaser gave a deposit for the property and entered into a Terms of Sale Agreement (hereinafter the agreement) with the court-appointed Referee. This agreement provided that an automatic forfeiture of the purchaser's deposit would result if the purchaser defaulted on any provision of the agreement. Thereafter, the purchaser failed to close by the date specified in the agreement and instead assigned its bid to the defendant, Emigrant Savings Bank. After the assignment, the Referee authorized the return of the deposit to the initial purchaser. Claiming that this scenario amounted to tortious interference with contractual relations and deprived him of a surplus money award, the plaintiff commenced this action against the defendant. The plaintiff now appeals from an order which, *inter alia*, granted that branch of the defendant's motion for summary judgment which was to dismiss the plaintiff's tortious interference cause of action.

The plaintiff lacks standing to enforce the terms of the agreement because there is no statutory authority which allows a mortgagor to enforce the provisions of a Terms of Sale Agreement when a foreclosure purchaser is allegedly in default (*see, Katzeff v Cohn*, 139 Misc 2d 1076). Nor is the plaintiff a third-party beneficiary of the agreement. The parties to the agreement did not intend that the benefit of the agreement flow to the plaintiff.

In any event, absent any provision in the agreement declaring time of the essence, the purchaser was entitled to a reasonable adjournment in which to close (*see, E. Q. C. Co. v Plainview Country Club*, 23 AD2d 769). Additionally, the court never declared that the purchaser was in default of the agreement when it failed to pay the remainder of the purchase price by the date set forth in the agreement (*see, E. Q. C. Co. v Plainview Country Club, supra*, at 770). Since the plaintiff has failed to demonstrate that the purchaser breached the agreement, he has failed to satisfy a critical element of any tortious interference with contract cause of action (*see, Israel v Wood Dolson Co.*, 1 NY2d 116). Mangano, P. J., Bracken, Rosenblatt and Miller, JJ., concur.