■ GMAC MORTGAGE CORPORATION, Respondent, v JEFFREY TUCK et al., Appellants. KAREN GAREWAL, Nonparty Respondent. [750 NYS2d 93] —In an action to foreclose a mortgage, the defendants appeal from (1) an order of the Supreme Court, Dutchess County (Pagones, J.), dated August 1, 2001, which, inter alia, denied their motion to vacate the judgment of foreclosure, and (2) an order of the same court, dated October 23, 2001, which, inter alia, denied their motion to direct the plaintiff to accept payment of the mortgage debt.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff commenced an action to foreclose a mortgage against, among others, Jeanette Tuck. Upon discovering that Jeanette Tuck had died, it served Jeffrey Tuck, one of the administrators of Jeanette Tuck's estate (hereinafter the administrator). It then obtained an order substituting the administrator as a defendant. The plaintiff did not, however, amend the complaint to indicate that the original defendant had died or that an administrator had been appointed.

The defendants argue that the complaint is jurisdictionally defective because there was no allegation in the complaint of the death of Jeanette Tuck, or the appointment of the defendant Jeffrey Tuck as one of the administrators. The defendants' claim is without merit. The defendants did not show the necessity for a supplemental complaint. A supplemental complaint is not necessary when, as here, it would contain facts which are undisputed. Further, there was no showing that the defendants were prejudiced by the omission (*see Clancy v Bernstein,* 66 NYS2d 52; *Thorburn v Gates,* 191 App Div 506, 508).

The defendants' contention that jurisdiction was not acquired over the administrator is without merit. In order for the court

to obtain jurisdiction over the administrator of an estate, the administrator must be served as prescribed in CPLR article 3 (*see Macomber v Cipollina,* 226 AD2d 435, 437). Here, the administrator was personally served on January 6, 2001 in accordance with CPLR article 3. Thus, personal jurisdiction was obtained over the administrator.

Moreover, the defendants' claim that they had a right of redemption up until the time the deed was delivered to the purchaser at the foreclosure sale is without merit. Redemption is not permitted after a foreclosure sale, whether or not a deed has actually been delivered to the sale purchaser (*see Belsid Holding Corp. v Dahm,* 12 AD2d 499).

The defendants' remaining contentions are without merit. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.