■ BANK OF NEW YORK, Respondent, v JAIME ORTIZ et al., Appellants. MOHAMMAD S. ISLAM, Intervenor-Respondent. [817 NYS2d 154]—

In an action to foreclose a mortgage, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated December 22, 2003, as denied those branches of their motion which were to vacate a foreclosure sale held on July 26, 2002, and to invalidate a referee's deed delivered to the successful bidder on July 17, 2003.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

" 'It is well settled that the owner of the equity of redemption has a right to redeem at any time before an actual sale under a judgment of foreclosure' " (*NYCTL 1996-1 Trust v LFJ Realty Corp.,* 307 AD2d 957, 958 [2003], quoting *United Capital Corp. v 183 Lorraine St. Assoc.,* 251 AD2d 400, 400 [1998]; *see* RPAPL 1341 [2]). This right is extinguished by the foreclosure sale itself, regardless of whether a deed has been delivered to the sale purchaser (*see GMAC Mtge. Corp. v Tuck,* 299 AD2d 315 [2002]; *EMC Mtge. Corp. v Bobb,* 296 AD2d 476 [2002]; *United Capital Corp. v 183 Lorraine St. Assoc., supra*; *see also* 1 Bergman, New York Mortgage Foreclosures § 2.21 [3]).

The subject premises were sold at a public auction on July 26, 2002 before the filing on November 20, 2002 of the defendant Jaime Ortiz's petition for bankruptcy. Thus, at the time of his

petition, Ortiz had no legal or equitable interest in the premises, and the premises were not included in the bankruptcy estate (*see Matter of Rodgers,* 333 F3d 64 [2d Cir 2003]; *Matter of Mizuno,* 288 BR 45 [2002]; *Matter of Cretella,* 42 BR 526 [1984]; *Matter of Ghosh,* 38 BR 600 [1984]). Therefore, the automatic bankruptcy stay did not prevent delivery of the deed to the sale purchaser (*see Matter of Rodgers, supra*), and the defendants' motion was properly denied. Adams, J.P., Goldstein, Luciano and Spolzino, JJ., concur.