■ NORWEST MORTGAGE, INC., Respondent, v IRVING BROWN et al., Respondents, et al., Defendants. SHAMEENA CHOWDURY, Nonparty Appellant. [830 NYS2d 158]—

In an action to foreclose a mortgage, Shameena Chowdury appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 20, 2004, which granted the

motion of the defendants Irving Brown and Betty Primus, also known as Betty Brown, denominated as a motion to restrain the plaintiff from selling the subject property but which was treated, in effect, as a motion to vacate the foreclosure sale. Presiding Justice Prudenti has been substituted for former Justice Luciano (22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the motion, which was treated, in effect, as a motion to vacate the sale is denied.

After the defendants Irving Brown and Betty Primus, also known as Betty Brown (hereinafter collectively the defendants), defaulted on their mortgage in 1998 the plaintiff instituted this foreclosure action. After five bankruptcy petitions (three by Irving Brown and two by Betty Primus) and three judgments of foreclosure and sale, a foreclosure sale was scheduled for August 5, 2004. The day before the sale, the Supreme Court signed an order to show cause that contained a temporary restraining order staying transfer of the deed, "without prejudice to the defendants['] right of redemption." The order to show cause also directed the defendants to serve the referee and directed the referee to notify bidders of the temporary restraining order. Although it is unclear whether the referee was, in fact, served, it is undisputed that the bidders were not notified of the court's conditions to the sale. Shameena Chowdury, a nonparty, was the highest bidder at the sale. He was not served with the order to show cause until September 9, 2004, more than one month after the sale.

In the order appealed from, the Supreme Court granted the defendant's motion which was treated, in effect, as a motion to vacate. We reverse.

A mortgagor or other owner of the equity of redemption of a property subject to a judgment of foreclosure and sale may redeem the mortgage at any time prior to the foreclosure sale (*see Carnavalla v Ferraro*, 281 AD2d 443 [2001]; *United Capital Corp. v 183 Lorraine St. Assoc.*, 251 AD2d 400 [1998]; *Finance Inv. Co. [Bermuda] v Gossweiler*, 145 AD2d 463 [1988]). Generally, once the sale takes place, however, the right to redeem is "extinguished, as a matter of law" (*United Capital Corp. v 183 Lorraine St. Assoc., supra* at 400; *see NYCTL 1996-1 Trust v LFJ Realty Corp.*, 307 AD2d 957, 958 [2003]), whether or not the deed has been delivered (*see GMAC Mtge. Corp. v Tuck*, 299 AD2d 315, 316 [2002]; 1 Bergman, New York Mortgage Foreclosures § 2.21 [3], at 2-102.29; Bergman, *Mortgage Foreclosure: Where is the Title? It Should Not Be Elusive, But Sometimes It Is*, NYLJ, Aug. 11, 2004, at 5, col 2; Bergman, *Foreclosure, When*

*Is It Really Over? Defining Duration of Right to Redeem*, NYLJ, Apr. 9, 1997, at 5, col 2). Once the right to redeem is lost, it cannot be revived, even by court order (*see EMC Mtge. Corp. v Bobb*, 296 AD2d 476, 478 [2002]).

Even assuming that the order to show cause, if timely served, could have extended the defendants' right to redeem the property, it did not have that effect here. Whether or not the order to show cause was served upon the referee before the sale, the bidders were not notified of the condition the court imposed regarding the defendants' right of redemption (*cf. Jubilee, Inc. v Haslacha, Inc.*, 270 AD2d 34 [2000]; *Mortgagee Affiliates Corp. v Jerder Realty Servs.*, 62 AD2d 591, 594 [1978], *affd* 47 NY2d 796 [1979]). To bind bidders at a foreclosure sale to such a condition when they have not been notified of it would inhibit the bidding process at foreclosure sales. The fault here does not lie with Chowdury, but with the defendants, who waited until the last minute to seek relief.

Consequently, upon completion of the foreclosure sale, Chowdury became the equitable owner of the property, and the defendants had no right to redeem it (*see United Capital Corp. v 183 Lorraine St. Assoc., supra; Hepworth v Manetto Holding Corp.*, 262 App Div 877 [1941]).

Further, assuming that the Supreme Court had the equitable power to set aside the foreclosure sale, the equities did not favor the defendants (*id.*), whose "manipulation and gaming of the system" (*Glenbriar Co. v Lipsman*, 5 NY3d 388, 394 [2005] [Rosenblatt, J., concurring]) had gone on for years. Thus, it was an improvident exercise of the court's discretion to vacate the foreclosure sale. Prudenti, P.J., Crane, Skelos and Lifson, JJ., concur.