■ DEUTSCHE BANK COMPANY OF CALIFORNIA, N.A., Appellant, v STEVEN G. DEPALO et al., Defendants. YACHT CLUB REALTY CORP., Nonparty Respondent. [834 NYS2d 528]—

In a mortgage foreclosure action, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Whelan, J.), dated May 17, 2005, which denied its motion to set aside the foreclosure sale on the ground, in effect, that the defaulting mortgagor had exercised his equity of redemption approximately six days after the sale, and (2) an order of the same court dated December 6, 2005, which denied its motion for leave to renew.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff bank moved to set aside a mortgage foreclosure sale on the ground, in effect, that the defaulting mortgagor had exercised his equity of redemption approximately six days after the sale. The Supreme Court denied the motion. We affirm.

The owner of an equity of redemption has a right to redeem at any time before an actual sale under a judgment of foreclosure (see Bank of N.Y. v Ortiz, 30 AD3d 551 [2006]; NYCTL 1996-1 Trust v LFJ Realty Corp., 307 AD2d 957 [2003]). Generally, a foreclosure sale extinguishes the equity of redemption, and "redemption is not permitted after a foreclosure sale, whether or not a deed has actually been delivered to the sale purchaser" (GMAC Mtge. Corp. v Tuck, 299 AD2d 315, 316 [2002]; see also Norwest Mtge., Inc. v Brown, 35 AD3d 682 [2006]; NYCTL 1996-1 Trust v LFJ Realty Corp., supra). Here, it is not disputed that the defaulting mortgagor failed to redeem before the foreclosure sale (see Ameriquest Mtge. Co. v Bellon, 29 AD3d 612 [2006]; NYCTL 1996-1 Trust v LFJ Realty Corp., supra; EMC Mtge. Corp. v Bobb, 296 AD2d 476 [2002]). Further, the plaintiff did not demonstrate fraud, collusion, mistake, or misconduct (see NYCTL 1996-1 Trust v LFJ Realty Corp., supra; Green Point Sav. Bank v Oppenheim, 237 AD2d 409 [1997]; cf. Ameriquest Mtge. Co. v Bellon, supra; EMC Mtge. Corp v Bobb, supra).

The plaintiff argues that vacatur of the sale is nonetheless warranted based upon the terms of sale. However, to the extent that the provision relied upon may be read to have granted the

plaintiff authority to extend, at its discretion, the time within which the defaulting mortgagor had to redeem, the provision was unenforceable as being contrary to the terms of the judgment of foreclosure, which provided for the termination of the equity of redemption upon the foreclosure sale (*see Ercolani v Sam & Al Realty Co.,* 17 NY2d 299 [1966]; *Renaissance Complex Redevelopment Corp. v Renaissance Assoc.,* 255 AD2d 274 [1998]; *Crisona v Macaluso,* 33 AD2d 569 [1969]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.