■ In the Matter of BRADHURST URBAN RENEWAL AREA (STAGE 1). BRATTLEBORO HOLDING CORP., Respondent-Appellant; CITY OF NEW YORK, Appellant-Respondent; NYCTL 1996-1 TRUST and THE BANK OF NEW YORK, as Collateral Agent and Custodian, et al., Respondents. [835 NYS2d 137]—

Fourth separate and partial final decree, Supreme Court, New York County (Martin Schoenfeld, J.), entered July 15, 2005, which ordered condemnor City of New York to compensate claimant in the principal amount of $1,395,000 plus interest for taking real property, unanimously modified, on the facts, the principal award reduced to $1,096,520, and otherwise affirmed, without costs.

The court exercised its discretion in a provident manner by determining that the highest and best use of the subject property was the manner in which it was being used at the time of the taking (*see Matter of Adirondack Hydro Dev. Corp. [War-*

*rensburg Bd. & Paper Corp.]*, 205 AD2d 925 [1994]), with active retail stores on the ground floor and vacant and sealed residential space on the building's upper four floors. Claimant's proposal that the highest and best use of the property was the use of the ground floor as retail space and converting the upper four floors of the building into habitable, rent-producing apartments was properly rejected by the court, particularly where the residential space in the building had been sealed and vacant for more than 13 years prior to the taking (*see New York State Urban Dev. Corp. v Wanger*, 90 AD2d 648 [1982]).

The court also properly applied the income capitalization approach to valuing the property, which was generating income from its commercial tenants (*see Matter of New York State Urban Dev. Corp. [RRNT Assoc.]*, 308 AD2d 414 [2003], *lv denied* 2 NY3d 701 [2004]), in arriving at a value of $1,096,520. However, the court improperly added value ($298,140) to the building's vacant and sealed upper floors based on the sales comparison approach employed by the City's appraiser, and rounded the final award to $1,395,000. This calculation departed from valuation based on highest and best use at the time (*see generally City of Binghamton v Rosefsky*, 29 AD2d 820 [1968]).

Contrary to claimant's suggestion, there is no authority to reduce the interest rates on the tax liens held by the lienor Trusts on the property from 18% to 6% (*see Matter of Maspeth 5718 Assoc. v City of New York*, 292 AD2d 453 [2002], *lv denied* 98 NY2d 614 [2002]). The applicable interest rate is mandated by statute (Administrative Code of City of NY § 11-224) and continues to run even after property is taken by the City by the power of eminent domain (*see Matter of City of New York [Hammel Boardwalk Corp.]*, 288 NY 51, 57 [1942]).

Claimant's request for this Court to remand the matter for a hearing and determination pursuant to Eminent Domain Procedure Law § 701 cannot be countenanced. The statute provides that the claimant must first make the application with required submissions, although such application may be brought "before or after entry of judgment on the taken property's value, or after any appeal" (*General Crushed Stone Co. v State of New York*, 93 NY2d 23, 28 [1999]). Concur—Mazzarelli, J.P., Nardelli, Buckley, Catterson and Malone, JJ.