ALEXANDRA KOLKUNOVA, Appellant, v GUARANTEED HOME MORTGAGE COMPANY, INC., et al., Defendants, and CLIFFORD SIEGEL, Respondent. [842 NYS2d 46]—

In an action pursuant to RPAPL article 15 to compel the determination of a claim to real property, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated December 22, 2005, which, inter alia, granted those branches of the motion of the defendant Clifford Siegel which were to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (1), (4), (5), and (7).

Ordered that the order is affirmed, with costs.

"A mortgagor or other owner of the equity of redemption of a property subject to a judgment of foreclosure and sale may redeem the mortgage at any time prior to the foreclosure sale" (*Norwest Mtge., Inc. v Brown*, 35 AD3d 682, 683 [2006]; *see Bank of N.Y. v Ortiz*, 30 AD3d 551 [2006]; *United Capital Corp. v 183 Lorraine St. Assoc.*, 251 AD2d 400 [1998]). The right to redeem is extinguished as a matter of law upon the foreclosure sale, whether or not the deed has been delivered (*see Deutsche Bank Co. of Cal., N.A. v DePalo*, 38 AD3d 490 [2007]; *NYCTL 1996-1 Trust v LFJ Realty Corp.*, 307 AD2d 957, 958 [2003]; *GMAC Mtge. Corp. v Tuck*, 299 AD2d 315, 316 [2002]). "Once the right to redeem is lost, it cannot be revived, even by court order" (*Norwest Mtge., Inc. v Brown, supra* at 684).

Here, the plaintiff's equity of redemption in the premises was extinguished by a foreclosure sale in 2005 (*see Norwest Mtge., Inc. v Brown, supra* at 683-684; *United Capital Corp. v 183 Lorraine St. Assoc., supra* at 400). Although the plaintiff appealed the denial of her motion to vacate the underlying judgment of foreclosure and sale, that appeal was subsequently dismissed for failure to prosecute. The plaintiff thereafter commenced the instant action to set aside the foreclosure sale, claiming improprieties in the events surrounding the closing of title which resulted in the sale of the premises.

However, the plaintiff lacked any interest in the premises at the time of commencement of this action and therefore lacked standing to commence an action to reinstate her right to redeem the property (*see* CPLR 3211 [a] [3]; *Ocwen Fed. Bank v Bassi*, 294 AD2d 478 [2002]; *Scheckter v Emigrant Sav. Bank*, 237 AD2d 273, 274 [1997]; *Katzeff v Cohn*, 139 Misc 2d 1076, 1077 [1988]). Accordingly, the Supreme Court properly granted those

branches of the motion of defendant Clifford Siegel, who was the highest bidder at the foreclosure auction and sale, which were to dismiss the complaint insofar as asserted against him.

In view of our determination, we need not reach the parties' remaining contentions. Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.