■ NYCTL 1996-1 TRUST et al., Respondents, v RUPERT MOORE, Appellant, et al., Defendants. NASSAR ZAR, INC., Nonparty Purchaser. [859 NYS2d 212]—

In an action to foreclose a tax lien, the defendant Rupert Moore appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated March 26, 2007, which denied his motion, inter alia, to stay the transfer of a deed to the subject property to the successful bidder at a foreclosure sale and, in effect, to permit him to redeem the property.

Ordered that the order is affirmed, with costs to the respondents.

The title owner of property encumbered by a mortgage or a tax lien has the right to redeem the property at any time prior to the actual sale under a judgment of foreclosure (*see Nutt v Cuming*, 155 NY 309 [1898]; *Norwest Mtge., Inc. v Brown*, 35 AD3d 682 [2006]; *NYCTL 1996-1 Trust v LFJ Realty Corp.*, 307 AD2d 957 [2003]; *United Capital Corp. v 183 Lorraine St. Assoc.*, 251 AD2d 400 [1998]). However, the foreclosure sale extinguishes the right of redemption, and thus "[r]edemption is not permitted after a foreclosure sale, whether or not a deed has actually been delivered to the sale purchaser" (*GMAC Mtge. Corp. v Tuck*, 299 AD2d 315, 316 [2002]; *see Norwest Mtge., Inc. v Brown*, 35 AD3d 682 [2006]; *United Capital Corp. v 183 Lorraine St. Assoc.*, 251 AD2d 400 [1998]).

Here, even assuming that the temporary restraining order issued by the court prior to the sale was effective to extend the appellant's right to redeem beyond the foreclosure sale (*see Norwest Mtge., Inc. v Brown*, 35 AD3d 682 [2006]), the record fails to demonstrate that the appellant redeemed the property before his right to do so was extinguished. Accordingly, the Supreme Court properly denied his motion, inter alia, to stay the transfer of the deed to the successful bidder and, in effect, to permit him to redeem the property.

The appellant's remaining contentions are without merit. Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur.