10 N.Y.3d 898 (2008)
891 N.E.2d 721
861 N.Y.S.2d 605
In the Matter of MILL CREEK PHASE 1 STATEN ISLAND BLUEBELT SYSTEM. NYCTL 1998-1 TRUST, Appellant;
FRANK VIGLIAROLO et al., Respondents.
Court of Appeals of the State of New York.
Argued April 29, 2008.
Decided June 10, 2008.
*899 Michael A. Cardozo, Corporation Counsel, New York City (Rita D. Dumain, Paul T. Rephen and Fred Kolikoff of counsel), for appellant.
Goldstein, Goldstein, Rikon & Gottlieb, P.C., New York City (Michael Rikon of counsel), for respondents.
Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

OPINION OF THE COURT
MEMORANDUM.
The order of the Appellate Division should be reversed, with costs, that branch of the motion of appellant NYCTL 1998-1 Trust that sought to have an 18% interest rate applied to its tax lien against the subject property from the date title to the subject property vested in the City of New York until the date the tax lien is paid granted, and the certified question answered in the negative.
The City of New York acquired title to block 7561, lot 20 in the Borough of Staten Island by eminent domain on July 31, 1998. At the time title passed the NYCTL 1998-1 Trust was the holder of a tax lien certificate relating to the property, which provided that the rate of interest on the tax lien would be 18% until the lien is paid in full (accord Administrative Code of City of NY §§ 11-224, 11-319 [b] [6]). The Trust filed a claim in the *900 condemnation proceeding and made a motion to compel the City of New York to deduct from any award for the property the amount due under the tax lien recorded against the property.
Supreme Court granted the Trust's motion for payment. Relying on General Municipal Law § 3-a (2), the court directed that although the interest would be payable on the tax lien at a rate of 18% from the date of the tax lien certificate until the date the City acquired title to the property by condemnation, interest would be payable only at the rate of 6% from the date the City acquired title until the date the lien was paid in full. The Appellate Division affirmed and granted the Trust's motion for leave to appeal to this Court. This Court is asked to resolve the question whether interest at the rate of 18% continues to accrue after condemnation and transfer of title to the City and until the full payment of the tax lien.
The exercise of eminent domain does not reduce the interest on a tax lien (see Matter of City of New York [Hammel Boardwalk Corp.], 288 NY 51, 57 [1942]). In Hammel, we stated,
"Although the tax statutes recognize that the city may take property by eminent domain, there is no provision for the cessation of interest upon the happening of any such event. On the contrary, reduction of interest upon any taxes, assessments and water rents below the amount fixed by law is forbidden (Administrative Code, § 415[1]-8.0, p. 217), and all taxes, assessments and water rents and interest thereon constitute liens until paid (Administrative Code, § 415[1]-7.0, p. 217)" (id.;[*] see also Matter of Bradhurst Urban Renewal Area [Stage 1], 40 AD3d 218, 219 [1st Dept 2007]).
Here, since there is no statutory authority to reduce the interest upon any taxes, assessments and sewer rents below the amount fixed by law, claimants continue to be responsible for the taxes and accrued interest at the rate of 18% until the amount owed is paid in full. A holder of a tax lien certificate, in this case appellant NYCTL 1998-1 Trust, stands in the shoes of, and has the same rights as, the City (see Administrative Code § 11-332 [a]). This means that appellant is entitled to receive interest at the rate of 18%, even after the property was acquired by the City in the condemnation proceeding. While it is true *901 that the Trust filed its claim against the condemnation award, and not the property, the interest on the lien remained the same.
Accordingly, we hold that the interest due and owing on the subject tax lien continues to accrue at the interest rate of 18%, pursuant to Administrative Code §§ 11-224 and 11-319 (b) (6), from the vesting of title in the City of New York until the date of full payment of the lien.
Order reversed, etc.
NOTES
[*] Administrative Code §§ 415[1]-8.0 and 415[1]-7.0, cited in Hammel, have been recodified as sections 11-232 and 11-301, respectively.