■ Chase Manhattan Mortgage Corporation, Respondent, v David G. Harper et al., Appellants. [865 NYS2d 127]—In an action to foreclose a mortgage, the defendants David G. Harper and Michelle Harper appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), dated October 19, 2005, which, upon granting the plaintiff's motion for leave to reargue that branch of their prior motion which was, in effect, to determine the amount of surplus funds available after a foreclosure sale of the subject property, modified a prior order of the same court dated June 16, 2005, which determined that the amount of surplus funds available after a foreclosure sale of the subject property was $38,518.22, and determined that the amount of surplus funds available was only $18,572.92.

Ordered that the order is affirmed, with costs.

The appellants withdrew any claims regarding the legality of

the foreclosure sale at a hearing on June 16, 2005. Thus, that issue is not properly before this Court (*see e.g. Albany Sav. Bank v Greller Assoc.*, 178 AD2d 953, 954 [1991]; *Rose v Green*, 145 AD2d 618, 623 [1988]). Moreover, when the subject property was sold at a foreclosure sale, even though no deed had been delivered to the purchaser, the right of redemption was extinguished (*see NYCTL 1996-1 Trust v Moore*, 51 AD3d 885 [2008]; *Norwest Mtge., Inc. v Brown*, 35 AD3d 682, 683-684 [2006]).

The Supreme Court providently exercised its discretion, upon reargument, in determining, in effect, that the plaintiff was entitled to interest on the judgment of foreclosure until the date that the subject property was transferred to the person who had purchased the property at the foreclosure sale which resulted in a reduced surplus (*see* CPLR 5001 [a]; *Dayan v York*, 51 AD3d 964 [2008]; *South Shore Fed. Sav. & Loan Assn. v Shore Club Holding Corp.*, 54 AD2d 978 [1976]). Rivera, J.P., Miller, Angiolillo and Chambers, JJ., concur.