■ DAVOUD BARDI, Respondent, v ESTATE OF AUDLEY MORGAN et al., Defendants, and ESTATE OF JOYCE BENJAMIN, Appellant-Respondent. MOHAMED ALI et al., Nonparty Respondents-Appellants. [877 NYS2d 362]—

In an action to foreclose a mortgage, the defendant estate of Joyce Benjamin appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated June 7, 2006, as, upon denying the separate motions of the nonparties Mohamed Ali and Rahim Siunykalimi, the defaulting purchasers at two foreclosure sales, to direct the referee to return their deposits to them, denied its cross application to apply the deposits to reduce the amount due on the mortgage, and directed the referee to give the deposits to the plaintiff as liquidated damages pursuant to the terms of sale, and the nonparties Mohamed Ali and Rahim Siunykalimi separately cross-appeal, as limited by their respective briefs, from so much of the same order as denied their separate motions to direct the referee to return their deposits to them.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff.

The Supreme Court properly found that Mohamed Ali and Rahim Siunykalimi, the successful bidders at a foreclosure sale and subsequent resale, each defaulted at the scheduled closings, and that the plaintiff therefore was entitled to retain their deposits (*see Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378, 381-382 [1986]; *Zahl v Greenfield*, 162 AD2d 449, 450 [1990]).

The defendant estate of Joyce Benjamin (hereinafter Benjamin) lacks standing to challenge the terms of sale (*see Ocwen Fed. Bank v Bassi*, 294 AD2d 478 [2002]; *Scheckter v Emigrant Sav. Bank*, 237 AD2d 273 [1997]; *Katzeff v Cohn*, 139 Misc 2d 1076 [1988]). Nor is Benjamin a third-party beneficiary of the terms of sale agreement. The parties to the agreement did not intend that the benefit of the agreement flow to Benjamin (*see Scheckter v Emigrant Sav. Bank*, 237 AD2d 273 [1997]).

The parties' remaining contentions are either improperly raised for the first time on appeal (*see Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757 [1985]), or without merit. Rivera, J.P., Florio, Dickerson and Chambers, JJ., concur.