In an action to foreclose a mortgage, nonparty Empire State Properties appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated February 11, 2009, as denied those branches of its motion which were, in effect, to set aside a foreclosure sale and compel the referee to return its full deposit in the sum of $60,000.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of nonparty Empire State Properties, which were, in effect, to set aside the foreclosure sale and compel the referee to return its full deposit in the sum of $60,000 are granted.
The nonparty appellant Empire State Properties (hereinafter Empire) was the successful bidder at a mortgage foreclosure sale of certain property (hereinafter the Property) located in Islandia, held on October 7, 2008. The foreclosure sale was overseen by a referee as directed in the judgment of foreclosure (hereinafter the judgment), which had been entered in the Supreme Court about two months earlier on August 8, 2008. The judgment also contained certain language, which was crossed out, stating that the property would be sold subject to “[a]ny and all Hazardous Materials in the Premises, including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances” (hereinafter the hazardous materials provision). However, the terms of sale, signed by the referee and a representative of Empire at the time of the foreclosure sale, included the same hazardous materials provision that had been affirmatively crossed out in the judgment.
*627 A referee lacks the authority to alter the terms of a judgment of foreclosure (see Deutsche Bank Co. of Cal., N.A. v DePalo, 38 AD3d 490, 490-491 [2007]; Zouppas v Yannikidou, 16 AD2d 52 [1962]; Mullins v Franz, 162 App Div 316, 318 [1914]), and unauthorized variations between the terms of sale and judgment are void (see Renaissance Complex Redevelopment Corp. v Renaissance Assoc., 255 AD2d 274 [1998]).
“In the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct” (Astoria Fed. Sav. & Loan Assoc. v Hartridge, 58 AD3d 584, 585 [2009]; see also Guardian Loan Co. v Early, 47 NY2d 515, 521 [1979]; Mortgage Elec. Registration Sys., Inc. v Schotter, 50 AD3d 983, 983-984 [2008]; Deutsche Bank Co. of Cal., N.A. v DePalo, 38 AD3d at 490; NYCTL 1996-1 Trust v LFJ Realty Corp., 307 AD2d 957, 959 [2003]). When the unauthorized actions of a referee cause injury to the property rights of a party, as occurred in this case when the referee added a liability to the terms of sale that had been affirmatively stricken from the judgment, the sale must be repudiated (see Mullins v Franz, 162 App Div at 318). Accordingly, the Supreme Court erred in denying those branches of Empire’s motion which were, in effect, to set aside a foreclosure sale and compel the referee to return its full deposit in the sum of $60,000.
In light of our determination, we need not reach the parties’ remaining contentions. Dillon, J.P., Eng, Belen and Hall, JJ., concur.