■ Ivan Assael, Appellant, v 15 Broad Street, LLC, Respondent. [923 NYS2d 178]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (R. Miller, J.), dated June 21, 2010, as granted that branch of the defendant's motion which was to discharge a certain bond issued by Fidelity and Deposit Company of Maryland, dated January 21, 2009.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2008, the Supreme Court granted the plaintiff's unopposed motion for leave to enter judgment against the defendant on the issue of liability, upon the defendant's failure to appear or answer the complaint. After an inquest on the issue of damages, a judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $175,000. Thereafter, the Supreme Court granted the defendant's motion pursuant to CPLR 5015 (a) (1) to vacate the aforementioned default judgment. The plaintiff moved for leave to reargue. Upon reargument, the Supreme Court adhered to its original determination, except that it required the defendant "to post a $100,000 [bond] as a condition of vacatur." In compliance therewith, the defendant secured a bond issued by Fidelity and Deposit Company of Maryland, dated January 21, 2009.

Upon the plaintiff's appeal, in a decision and order dated March 16, 2010, this Court determined that the defendant's motion to vacate the default judgment should have been denied (*see Assael v 15 Broad St., LLC*, 71 AD3d 802 [2010]). Following that appeal, the plaintiff sought to collect the proceeds of the subject bond. The defendant moved, inter alia, to discharge the subject bond, arguing that it had been issued as a condition of vacating the default judgment. The Supreme Court, among other things, granted that branch of the defendant's motion which was to discharge the subject bond. We affirm the order insofar as appealed from.

"A court which renders a 'judgment or order may relieve a party from it upon such terms as may be just' (CPLR 5015 [a]), including the imposition of a bond or undertaking" (*Doris v Lewis*, 76 AD3d 536, 537 [2010]; *see Yadid, LLC v GCW Bell Corp.*, 48 AD3d 799, 800 [2008]; *Testwell Craig Labs. v Charles Assoc.*, 264 AD2d 836, 837 [1999]). Here, the Supreme Court directed the defendant to post a bond "as a condition of vacatur" of the default judgment. However, upon this Court's decision and order dated March 16, 2010, determining that the defendant's motion to vacate the aforementioned default judgment should have been denied, the parties were, in effect, returned to the status quo ante, namely, that prior to the defendant's motion to vacate its default. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to discharge the subject bond. Rivera, J.P., Florio, Dickerson and Roman, JJ., concur. **[Prior Case History: 27 Misc 3d 1237(A), 2010 NY Slip Op 51088(U).]**