■ NYCTL 1998-2 TRUST et al., Respondents, v CARNELL McGILL, Appellant. [30 NYS3d 308]—

In an action to foreclose a tax lien, the defendant appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated May 15, 2013, which denied his motion (a), in effect, pursuant to CPLR 5015 (a) to vacate an order of the same court dated March 1, 2010, which granted the plaintiffs' unopposed motion for leave to reargue their opposition to his prior motion to extend a stay of a transfer of a referee's deed, to direct certain disclosure, and to limit the amount of interest, which had been granted in an order of the same court dated June 22, 2009, and, upon reargument, denied his motion, vacated the order dated June 22, 2009, and vacated the stay, (b) to limit the amount of interest, and (c) to vacate the foreclosure sale.

Ordered that the order dated May 15, 2013, is affirmed, with costs.

The defendant owned certain real property located in Brooklyn. On August 31, 1998, the plaintiff NYCTL 1998-2 Trust (hereinafter the Trust) purchased a tax lien on the property from the City of New York for unpaid real estate taxes, water charges, and/or sewer rents. In October 2002, the Trust and the plaintiff Bank of New York commenced this action to foreclose the tax lien, which resulted in a judgment of foreclosure and sale dated January 3, 2006. In February 2007, the defendant moved to vacate the judgment of foreclosure and sale or to stay the sale of the property for 30 days in order to effectuate a sale of the property to satisfy the tax lien. The matter was thereafter adjourned several times and the action stayed, while the Supreme Court directed the Trust's servicer and the Department of Environmental Protection (hereinafter the DEP) to provide the defendant with a full breakdown of the charges underlying the lien. The defendant's motion was ultimately denied in an order dated March 7, 2008, wherein the court determined that a stay of the sale was unwarranted,

and that the defendant could not challenge the sufficiency of the charges underlying the lien in this action because he failed to timely challenge them in a proceeding pursuant to CPLR article 78 and had not established that the amount due was otherwise improperly calculated.

A foreclosure sale was conducted on January 22, 2009, and the Trust was the winning bidder. That day, the defendant moved to stop the sale or stay transfer of the referee's deed so as to afford him time to pay off the lien with a pending loan. In an order dated January 30, 2009, the Supreme Court granted the defendant's motion solely to the extent of staying the transfer of the referee's deed for three months to give the defendant time to pay off the lien. Three months later, the defendant moved, inter alia, to extend the stay and for additional disclosure regarding the charges underlying the lien. In an order dated June 22, 2009, the Supreme Court granted the defendant's motion, extended the stay, directed further disclosure from the DEP and the Department of Finance, and limited the amount of interest pending a response from those agencies. The plaintiffs moved for leave to reargue their opposition to the defendant's motion and, thereupon, to deny the defendant's motion and vacate the stay. In an order dated March 1, 2010, the Supreme Court granted the plaintiffs' motion upon the defendant's failure to oppose it and, upon reargument, denied the defendant's motion, vacated the limitation of interest, vacated the stay, and directed the referee to proceed with the transfer of the deed. On or about July 12, 2011, the defendant moved: (a), in effect, pursuant to CPLR 5015 (a) to vacate the March 1, 2010, order, (b) to limit the amount of interest, and (c) to vacate the foreclosure sale. The Supreme Court denied the motion, and the defendant appeals.

The Supreme Court properly denied that branch of the defendant's motion which was to vacate the foreclosure sale, since the defendant failed to show that fraud, collusion, mistake, or misconduct cast suspicion on the fairness of the sale (*see Guardian Loan Co. v Early*, 47 NY2d 515, 520-521 [1979]; *PII Sam, LLC v Koutsagelos*, 119 AD3d 846 [2014]). Mere inadequacy of price does not provide a basis to vacate a sale, unless there are additional circumstances warranting invocation of equity powers such as fraud, mistake, or exploitive overreaching, which were not present here (*see Guardian Loan Co. v Early*, 47 NY2d at 521), or unless the price is so inadequate as to shock the court's conscience (*see Matter of Superintendent of Banks of State of N.Y.*, 207 NY 11, 15 [1912]; *Mei Yun Li v Qing He Xu*, 38 AD3d 731 [2007]). "[W]here the successful bid

for a sum less than the amount due is made by a mortgagee who seeks no deficiency judgment, the law deems the bid to be the equivalent of the mortgage balance plus the sale expenses" (*Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 407 [1983]). Here, the Trust did not seek a deficiency judgment and the price did not shock the conscience (*see Provident Sav. Bank v Bordes*, 244 AD2d 470 [1997]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d at 408).

The Supreme Court properly denied that branch of the defendant's motion which was, in effect, to vacate the March 1, 2010, order, entered upon his default. "In order to vacate a default in opposing a motion pursuant to CPLR 5015 (a) (1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (*Rocco v Family Foot Ctr.*, 94 AD3d 1077, 1079 [2012]; *see Estrada v Selman*, 130 AD3d 562, 562 [2015]; *Aurora Loan Servs., LLC v Ahmed*, 122 AD3d 557, 558 [2014]). This branch of the defendant's motion was untimely (*see* CPLR 5015 [a] [1]; *Yung Chong Ho v Uppal*, 130 AD3d 811 [2015]). Moreover, the defendant failed to challenge the charges underlying the lien in a timely CPLR article 78 proceeding, and thus, is precluded from challenging them in this action to foreclose the tax lien (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *NYCTL 2009-A Trust v Tsafatinos*, 101 AD3d 1092 [2012]; *NYCTL 1998-2 Trust v T. Jan Realty Corp.*, 63 AD3d 810 [2009]). Further, the foreclosure sale extinguished the defendant's right of redemption "whether or not a deed has actually been delivered to the sale purchaser" (*GMAC Mtge. Corp. v Tuck*, 299 AD2d 315, 316 [2002]; *see NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp.*, 13 NY3d 573, 579 [2009]; *NYCTL 1996-1 Trust v Moore*, 51 AD3d 885 [2008]; *Norwest Mtge., Inc. v Brown*, 35 AD3d 682 [2006]). Accordingly, any outstanding disclosure regarding the underlying charges provided no basis to extend the stay on the transfer of the referee's deed. In addition, the Supreme Court lacked the equitable power to limit the amount of interest that accrued on the lien (*see* Administrative Code of City of NY §§ 11-224 [h]; 11-301, 11-302, 11-319 [b] [6]; 11-332 [b]; *Matter of Mill Cr. Phase 1 Staten Is. Bluebelt Sys.*, 10 NY3d 898, 900 [2008]; *Matter of City of New York [Hammel Boardwalk Corp.]*, 288 NY 51, 57 [1942]; *Matter of Delafield 246 Corp. v City of New York*, 11 AD3d 268, 272 [2004]). Accordingly, the Supreme Court properly determined that the defendant failed to proffer a potentially meritorious opposition to the plaintiffs' reargument motion (*see* CPLR 5015 [a] [1]; *Glauber v Ekstein*, 133 AD3d 713 [2015]).

Finally, that branch of the defendant's motion which was to limit the amount of interest that accrued on the lien was properly denied (*see Matter of Mill Cr. Phase 1 Staten Is. Bluebelt Sys.*, 10 NY3d at 900). Rivera, J.P., Balkin, Cohen and Barros, JJ., concur.