NYCTL 1998-2 Trust v Ocean Gate Estates Homeowners Assn. (2022 NY Slip Op 02557)

NYCTL 1998-2 Trust v Ocean Gate Estates Homeowners Assn.

2022 NY Slip Op 02557

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2018-01581
 (Index No. 101384/11)

[*1]NYCTL 1998-2 Trust, et al., plaintiffs-respondents,
v
Ocean Gate Estates Homeowners Association, Inc., defendant-respondent, et al., defendants; Fulton Capital SI, LLC, intervenor-appellant.

Feuerstein Kulick, LLP, New York, NY (David Feuerstein and Daniel J. Brown of counsel), for intervenor-appellant.
Crawford Bringslid Vander Neut, LLP, Staten Island, NY (Allyn J. Crawford, Mara R. Levy, and Kerri Bringslid of counsel), for defendant-respondent.

DECISION & ORDER
In an action to foreclose a tax lien, the intervenor, Fulton Capital SI, LLC, appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated November 20, 2017. The order denied the intervenor's motion to compel the transfer of the subject property to it, and granted the cross motion of the defendant Ocean Gate Estates Homeowners Association, Inc., pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the plaintiffs-respondents and the defendant-respondent, the intervenor's motion to compel the transfer of the subject property to it is granted, and the cross motion of the defendant Ocean Gate Estates Homeowners Association, Inc., pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint is denied.
In 2013, the plaintiff obtained a judgment of foreclosure and sale upon the default of the owner of the subject property, the defendant Ocean Gate Estates Homeowners Association, Inc. (hereinafter the defendant), in appearing or answering the complaint. In September 2013, the intervenor, Fulton Capital SI, LLC (hereinafter Fulton), purchased the property at the resulting foreclosure auction.
Shortly thereafter, the defendant moved, inter alia, pursuant to CPLR 5015 to vacate its default and the judgment of foreclosure and sale. In an order dated June 27, 2014 (hereinafter the June 2014 order), the Supreme Court granted that motion and, among other things, vacated the defendant's default and the judgment of foreclosure and sale. Fulton appealed, and in a decision and order dated October 5, 2016, this Court reversed the June 2014 order and denied the defendant's motion (see NYCTL 1998-2 Trust v Ocean Gate Estate Homeowners Assn., Inc., 143 AD3d 683).
On or about July 11, 2014, after the judgment of foreclosure and sale was vacated by the Supreme Court but before the judgment of foreclosure and sale was reinstated by this Court, the defendant attempted to redeem the tax lien. After this Court reversed the June 2014 order, the Referee, faced with an apparent contradiction between this Court's decision and order and the [*2]defendant's attempted redemption of the lien, declined to close the sale and convey the property to Fulton without explicit authorization from the courts. Fulton therefore moved to compel the transfer of the subject property to it, and the defendant cross-moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court, upon determining that the defendant's exercise of its right of redemption was effective, denied Fulton's motion and granted the defendant's cross motion. Fulton appeals.
When this Court reversed the June 2014 order, inter alia, vacating the defendant's default and the judgment of foreclosure and sale, the parties were, "in effect, returned to the status quo ante, namely, that prior to the defendant's motion to vacate its default" (Assael v 15 Broad St. LLC, 84 AD3d 846, 847). Since the sale of a property in a foreclosure sale extinguishes a defendant's right of redemption whether or not the deed has been delivered to the purchaser of the property (see NYCTL 1998-2 Trust v McGill, 138 AD3d 1077, 1079; Chase Manhattan Mtge. Corp. v Harper, 54 AD3d 987, 988; NYCTL 1996-1 Trust v Moore, 51 AD3d 885, 886), the defendant's "belated post-sale tender of the moneys due cannot affect the rights of the purchaser" (Ameritek Constr. Corp. v Gas, Wash & Go, 247 AD2d 418, 420). Instead, this Court's reversal of the June 2014 order invalidated or reversed the acts and orders which were dependent upon it, including the defendant's attempted redemption of the lien (see Halpern v Amtorg Trading Corp., 292 NY 42, 48; C.T. Chems. [U.S.A.] v Vinmar Impex, 189 AD2d 727, 729; Nassau County Trust Co. v Saleeby, 254 App Div 687; Lerner v Wagner, 36 Misc 833, 833-834 [App Term]; Cahill v Lilienthal, 30 Misc 429, 430 [App Term]). Accordingly, the Supreme Court should have granted Fulton's motion to compel the transfer of the subject property to it, and denied the defendant's cross motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
In light of the foregoing, we need not address Fulton's remaining contentions.
BARROS, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court