Reich v Redley (2025 NY Slip Op 00468)

Reich v Redley

2025 NY Slip Op 00468

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-00062
 (Index No. 528800/21)

[*1]Alexander Reich, respondent, 
v
Dwight Redley, et al., appellants, et al., defendant.

Chidi Eze, Brooklyn, NY, for appellants.
Solomon Rosengarten, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to set aside a deed dated November 2, 2021, the defendants Dwight Redley and IDA Royalty Gems, LLC, appeal from an amended order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 4, 2022. The amended order granted the plaintiff's motion for summary judgment on the cause of action to set aside the deed dated November 2, 2021, and dismissing the counterclaim of the defendants Dwight Redley and IDA Royalty Gems, LLC, to recover damages for unjust enrichment, and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon those defendants and their counsel, and denied those defendants' cross-motion for summary judgment on their counterclaims to set aside a referee's deed dated December 2019 and to recover damages for unjust enrichment.
ORDERED that the appeal from so much of the amended order as granted that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon counsel for the defendants Dwight Redley and IDA Royalty Gems, LLC, is dismissed, as those defendants are not aggrieved by that portion of the order (see CPLR 5511; Scopelliti v Town of New Castle, 92 NY2d 944; cf. Matter of Tagliaferri v Weiler, 1 NY3d 605); and it is further,
ORDERED that the amended order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff, who held a mortgage on real property owned by the defendant Dwight Redley, commenced a foreclosure action upon Redley's default in making payment and obtained a judgment of foreclosure and sale in that action. A foreclosure sale took place in October 2019, and a referee's deed conveying the property to the plaintiff was executed in December 2019. Nevertheless, Redley executed a deed dated November 2, 2021 (hereinafter Redley's deed), purportedly conveying the property to the defendant IDA Royalty Gems, LLC (hereinafter IDA), a company owned by Redley's daughter.
The plaintiff then commenced this action, inter alia, to set aside Redley's deed. Redley and IDA (hereinafter together the defendants) interposed an answer in which they asserted counterclaims, among other things, to set aside the referee's deed and to recover damages for unjust enrichment. The plaintiff moved, inter alia, for summary judgment on the cause of action to set aside [*2]Redley's deed and dismissing the defendants' counterclaim to recover damages for unjust enrichment, and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendants. The defendants cross-moved for summary judgment on their counterclaims to set aside the referee's deed and to recover damages for unjust enrichment. The Supreme Court granted those branches of the plaintiff's motion and denied the defendants' cross-motion. The defendants appeal.
The plaintiff established his prima facie entitlement to judgment as a matter of law on the cause of action to set aside Redley's deed by establishing that Redley could not validly transfer the property at the time he executed his deed, having been divested of title by the foreclosure sale of the property in October 2019 (see 702 DeKalb Residence, LLC v SSLiberty, Inc., 209 AD3d 937, 938; see also Kolkunova v Guaranteed Home Mtge. Co., Inc., 43 AD3d 878, 878; Bank of N.Y. v Ortiz, 30 AD3d 551, 552). In opposition, the defendants failed to raise a triable issue of fact. Furthermore, since Redley was divested of his interest in the property by virtue of the foreclosure sale, neither he nor IDA had standing to raise alleged improprieties surrounding the closing of the plaintiff's title to the property (see Kolkunova v Guaranteed Home Mtge. Co., Inc., 43 AD3d at 878). Therefore, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to set aside Redley's deed and properly denied that branch of the defendants' cross-motion which was for summary judgment on their counterclaim to set aside the referee's deed.
The plaintiff also established his prima facie entitlement to judgment as a matter of law dismissing the defendants' unjust enrichment counterclaim. The defendants alleged that the plaintiff was unjustly enriched because he failed to credit Redley with payments he had made toward the mortgage loan prior to the foreclosure sale. However, after the judgment of foreclosure and sale was entered against Redley, all matters of defense which could have been litigated in the foreclosure action were concluded (see Taron Partners, LLC v McCormick, 173 AD3d 927, 930), including the defense of payment. Since, in opposition, the defendants failed to raise a triable issue of fact, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' unjust enrichment counterclaim. For the same reasons, the court properly denied that branch of the defendants' cross-motion which was for summary judgment on their unjust enrichment counterclaim.
Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in awarding sanctions to the plaintiff against the defendants in the form of attorneys' fees and disbursements (see 22 NYCRR 130-1.1[c]; Wynkoop v 622A President St. Owners Corp., 169 AD3d 1106, 1107; Pathak v Shukla, 164 AD3d 687, 688).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
IANNACCI, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court